TOWN OF WRIGHTSVILLE, ARK. *v.* FRED R. WALTON

73-134                                        501 S.W. 2d 241

Opinion delivered November 19, 1973

*George Howard Jr.*, for appellant.

*Rose, Nash, Williamson, Carroll & Clay*, by: *J. Richard Johnston*, for appellee.

LYLE BROWN, Justice. The Pulaski County Court granted a petition to incorporate the Wrightsville community. Appellee Walton attacked that order by proper

complaint filed in the Pulaski Circuit Court. The circuit court set aside the order of incorporation on the ground that the petition to incorporate was not signed by a majority of the inhabitants of the area, citing Ark. Stat. Ann. § 19-106 (Repl. 1968). The propriety of that interpretation is the sole issue on appeal.

The petition for incorporation was granted because the county court found that it was signed by more than twenty electors of the territory. In so doing the county court took the position that the signatures of a minimum of twenty qualified voters were the requisite number required for the granting of the petition. Ark. Stat. Ann. § 19-103 (Repl. 1968). The circuit court, in setting aside the order, held Sec. 19-106 required it to be shown that a majority of the inhabitants approved the incorporation. It is not disputed that the number of signatures (26) did not constitute a majority of the inhabitants.

By Act No. 1, March 9, 1875, the General Assembly enacted a comprehensive code covering the incorporation of communities into towns. In resolving the issue before us, three sections of that act must be considered. The pertinent parts provide:

> When the inhabitants of a part of any county, not embraced within the limits of any city or incorporated town, shall desire to be organized into a city or town, they may apply by petition, in writing, signed by the inhabitants so applying, to be in number not less than twenty (20) qualified voters, to the County Court. . . . Ark. Stat. Ann. § 19-101 (Repl. 1968).

> If the County Court shall be satisfied, after hearing such petition, that at least twenty (20) qualified voters reside therein, or within the limits described by said petition, and that said petition has been signed by them; . . . . and it shall, moreover, be deemed right and proper, in the judgment and discretion of the Court, . . . . then it shall make out and indorse on said petition an order, to the effect that the incorporated town as named and described in the pe-

tition may be organized, . . . Ark. Stat. Ann. § 19-103 (Repl. 1968).

Then it is provided by Ark. Stat. Ann. § 19-105 (Repl. 1968) that one month shall elapse before notice shall be given of an election of officers; during that period any interested person may make complaint to the circuit court for the purpose of preventing the organization of the proposed town. Then Ark. Stat. Ann. § 19-106 (Repl. 1968) provides:

> It shall be the duty of the court or judge to hear such complaint in a summary manner . . . and if it shall appear to the satisfaction of the court or judge that the proposed incorporated town does not contain the requisite number of inhabitants, or that a majority of them have not signed the original petition, . . . then the said court or judge shall order the record of said incorporated town to be annulled.

If we adopt the position of appellant then we must write out of the statute (§ 19-106) the requirement that the majority of the inhabitants must have signed the petition. The rules of statutory interpretation require, among other things, that we must "give to the statute such a construction, if possible, as will enable the Act and all parts thereof to be effective". *Russell* v. *Cockrill, Judge,* 211 Ark. 123, 199 S.W. 2d 584 (1947). To the same effect see *Compton* v. *State,* 102 Ark. 213, 1443 S.W. 897 (1911). *Compton* quotes from 2 Lewis' Sutherland, Stat. Con. (2 ed.) § 368: "[A] statute must receive such reasonable construction as will, if possible, make all its parts harmonize with each other, and render them consistant with its scope and object."

Appellant argues that the phrase in § 19-106 "or that a majority of them have not signed the original petition" refers to the term "requisite number of inhabitants". Sec. 19-103 says the required number of inhabitants of the proposed town is twenty qualified electors. If we accept appellant's argument then § 19-106 would only require the signatures of eleven qualified electors. Such an interpretation is not in harmony with the provisions of § 19-101 and § 19-103.

We have no way of knowing why the legislature provided that articles of incorporation can be granted by the county court upon petition of twenty qualified electors and then provides that if complaint is timely filed in circuit court, the signatures of a majority of the inhabitants would have to be shown. Nevertheless, we are unable to arrive at any conclusion other than § 19-106 requires the signatures of a majority of the inhabitants. We would point out that the proceeding in circuit court is not an appeal from the county court. The jurisdiction of the circuit court is invoked by the filing of a complaint which, of course, constitutes an entirely new preceeding.

Affirmed.