Gary Lee BROWN and Ralph J. BYERS
d/b/a SWANK BOOKSTORE And
Charles CONNER d/b/a BUTTERFIELD TRAIL
NEWSSTAND AND COIN SHOP
*v.* Warren O. KIMBROUGH

78-45 and 78-46                    568 S.W. 2d 226

Opinion delivered July 10, 1978
(Division II)

*Pearce & Robinson,* for petitioners.

914

*Bill Clinton*, Atty. Gen., by: *Joseph H. Purvis*, Dep. Atty. Gen., for respondent.

CONLEY BYRD, Justice. This matter comes before us for writs to prohibit the respondent, Honorable Warren O. Kimbrough, chancellor, from hearing that portion of two complaints filed by the prosecuting attorney seeking a blanket injunction against the future sale of any writing, picture, motion picture, films, slides, drawings, or other visual reproductions of obscene material as defined in Acts 1977, No. 464 [Ark. Stat. Ann. §§ 41-3501 — 41-3509 (Repl. 1977)]. The petitioners contend that there is no statutory authority for such action on the part of the prosecuting attorney. The respondent contends that such authority is granted by Acts 1977, No. 464 and Acts 1961, No. 261. In addition, respondent contends that this is not an appropriate proceeding for a writ of prohibition.

The record shows that the prosecuting attorney filed two identical actions against the petitioners seeking an adjudication against petitioners Gary Lee Brown and Ralph J. Byers that a film entitled "Rectum Hell" was obscene and an adjudication against petitioner Charles Conner that a magazine "Black, Bald and Beautiful" was obscene. In addition to seeking a permanent injunction against the dissemination of the film "Rectum Hell" and the magazine "Black, Bald and Beautiful" the complaint also seeks to prospectively enjoin the petitioners from disseminating any obscene material described by Acts 1977, No. 464. The petitioners have offered no defense to the film "Rectum Hell" and the magazine "Black, Bald and Beautiful." However, they filed a demurrer to so much of the complaints as sought to prospectively enjoin them from any future violations of the obscenity laws. These petitions were filed here after the trial court overruled the demurrers and announced that an early trial date would be set.

Acts 1977, No. 464, after imposing and defining a state-wide standard for the definition and regulation of obscenity provides in Section 9 [Ark. Stat. Ann. § 41-3509 (Repl. 1977)], as follows:

"Prosecuting attorneys are hereby authorized to institute actions to determine obscenity of materials described in Sections 3, 4, and 6 [§§ 41-3503, 41-3504, 41-3506] of this Act as is now provided by Act 261 of 1961 [§§ 41-3562 — 41-3577] in the case of mailable matter, and no person shall be prosecuted for violating Sections 3, 4, or 6 of this Act unless such violation occurs after the material being promoted or displayed has been found obscene in accordance with Act 261 of 1961.

Provided, that prosecuting attorneys may obtain an injunction against violations of this Act [§§ 41-3501 — 41-3509] in accordance with Act 261 of 1961. In actions brought to determine obscenities of films or other matter where attachment to the complaint is not practical as directed by Act 261 of 1961, it shall be sufficient that prosecuting attorneys set forth in the complaint a reasonable description of the films or materials sought to be adjudicated."

Acts 1961, No. 261 consists of 16 sections, compiled as Ark. Stat. Ann. §§ 41-3562 — 41-3577 (Repl. 1977) and in so far as here applicable provides:

"§ 41-3565. (1) Every person who, with knowledge of contents, sends or causes to be sent, or brings or causes to be brought, into this State for sale or commercial distribution, or in this State prepares, publishes, sells, exhibits or commercially distributes . . . or has in his possession with intent to sell or commercially distribute or exhibit . . . or who knowingly informs another of when, where or how or from whom . . . these things can be purchased . . . shall be guilty of a felony . . .

§ 41-3566. Whenever the Prosecuting Attorney for any county has reasonable cause to believe that any person with knowledge of its contents, is

(1) Engaged in sending or causing to be sent, bringing or causing to be brought, into this State for sale or commercial distribution, or is

(2) In this State preparing, selling, exhibiting or commercially distributing, or giving away, or offering to give away, or has in his possession with intent to sell or commercially distribute or to exhibit or give away or offer to give away, any obscene mailable matter, the Prosecuting Attorney for the county into which such mailable matter is sent or caused to be sent, brought or caused to be brought, or in which it is prepared, sold, exhibited or commercially distributed or given away or offered to be given away or possessed, shall institute an action in the Chancery Court for that county for an adjudication of the obscenity of the mailable matter.

§ 41-3567. The action authorized in Section 5 [§ 41-3566] shall be commenced by the filing of a complaint to which shall be attached as an exhibit a true copy of the allegedly obscene mailable matter. The complaint shall:

(a) be directed against the mailable matter by name or description;

(b) allege its obscene nature;

(c) designate as respondents and list the names and addresses, if known, of its author, publisher and any other person sending or causing it to be sent, bringing or causing it to be brought into this State for sale or commercial distribution and of any person in this State preparing, selling, exhibiting or commercially distributing it or give away or offering to give it away, or possessing it with intent to sell or commercially distribute or exhibit or give away or offer to give it away;

(d) pray for an adjudication that it is obscene;

(e) pray for a permanent injunction against any person sending or causing it to be sent, bringing or causing it to be brought, into this State for

sale or commercial distribution, or in this State preparing, selling, exhibiting or commercially distributing it, giving away or offering to give it away, or possessing it with intent to sell or commercially distribute or exhibit or give away or offer to give it away;

(f) pray for its surrender, seizure and destruction.

§ 41-3571. In the event the Courts [Court] finds the mailable matter to be obscene, it shall enter judgment to such effect and may, in such judgment or in subsequent orders of enforcement thereof:

(a) enter a permanent injunction against any respondent prohibiting him from doing or continuing to do any act condemned by this Act;

(b) direct any resident respondent to dispose of all such obscene mailable matter in his possession or under his control under such conditions and within such time as the Court may find to be reasonable;

(c) if any respondent shall fail to comply with the Court's orders, direct all sheriffs in the State to seize and destroy all such obscene mailable matter in the possession or under the control of such respondent wherever the same may be found.

§ 41-3572. Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the respondents to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation by contract or arrangement with them who receive actual notice of the order by personal service or otherwise.

Copies of all orders of the Court in finding any

matter to be obscene and all orders of injunction issued in regard thereto, shall be served upon all persons, and in the same manner. as is provided in Section 7 [§ 41-3668] of this Act."

When we give a fair construction to the foregoing provisions, with reference to civil proceedings for an injunction it is obvious that the legislature was concerned only with obscene materials being promoted, displayed or possessed. Thus, we conclude that there is no statutory authority in Acts 1977, No. 464 and Acts 1961, No. 261, authorizing a prospective injunction against allegedly obscene material not described in the complaint and not being promoted, displayed or possessed by the petitioners when the action is filed. Whether the State may constitutionally authorize such conduct is a rather close legal question that we need not now consider.

Our cases regularly recognize that prohibition will lie to prohibit a trial tribunal wholly without jurisdiction or one that is threatening to act in excess of its jurisdiction where the remedy by appeal is inadequate. *Skinner* v. *Mayfield,* 246 Ark. 741, 439 S.W. 2d 651 (1969), and *Bassett* v. *Bourland,* 175 Ark. 271, 299 S.W. 2d 14 (1927). Since there exists no remedy against the State to restore or grant redress to a person who has been deprived by prior restraint of his right to exercise freedom of speech and press for whatever length of time the prior restraint may exist, it follows that petitioners' have no adequate remedy by appeal from such an injunction issued in excess of the trial court's jurisdiction.

Writ granted.

We agree: HARRIS, C.J., and HICKMAN and HOWARD, JJ.