Donald Odell SARGENT *v.* Honorable John W. COLE, Circuit Judge

CR 80-82                                                 598 S.W. 2d 749

Supreme Court of Arkansas
Opnion delivered May 27, 1980

*Dan E. Moudy* and *Robert F. Alsobrook*, for petitioner.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty.

Gen., for respondent.

*Leslie R. Ablondi*, for amicus curiae Arkansas Juvenile Judges and Juvenile Probation Officers Association.

DARRELL HICKMAN, Justice. Donald Odell Sargent, a seventeen-year-old, was charged by information in the Saline County Circuit Court with first degree murder. He has petitioned this court to prohibit his trial in the circuit court.

We granted temporary stay of the proceedings until the parties could brief the issue. We find no merit to the petition and deny the writ.

The only question before us is whether the Arkansas Juvenile Code of 1975 requires that all juveniles, persons under eighteen years of age, be charged and tried for criminal acts in juvenile court. We find that it does not.

The Juvenile Code was adopted at the same regular session of the Arkansas General Assembly as the Criminal Code, the 1975 session. See Act 451, the Arkansas Juvenile Code and Act 280, the Arkansas Criminal Code, Acts of Arkansas 1975. The Criminal Code was passed before the Juvenile Code at the 1975 session.[1]

One provision of the Criminal Code, as it is found in Ark. Stat. Ann. § 41-617 (Repl. 1977) provides that persons 15, 16 and 17 years old can be tried for offenses in either municipal, juvenile or circuit court. All other persons, those under 15, must be tried in juvenile court.

The petitioner argues that this section of the Criminal Code was repealed by the language in the Juvenile Code which granted "original and exclusive" jurisdiction to juvenile court over all juveniles charged with any acts that would be considered criminal misconduct.

---

[1]Certain sections of the Criminal Code and the Juvenile Code were amended by the Arkansas General Assembly at its 1979 session. However, those amendments do not substantially change the provisions that were enacted in 1975. In this opinion we quote the language of those statutes as they read in 1975. Those sections that were changed in 1979 to some extent are: Ark. Stat. Ann. § 41-617, § 45-403, § 45-406, § 45-417 and § 45-418.

If we simply read the provisions of the juvenile code relied upon by the petitioner and stop there we might agree, for the language "original and exclusive" does seem to be all encompassing. That portion of the Juvenile Code in its entirety reads:

> Original and exclusive jurisdiction. — The juvenile courts of the several counties shall have original and exclusive jurisdiction in all cases of delinquency, juveniles in need of supervision and dependency-neglect arising under this Act [§§ 45-401 — 45-449]. Acts 1975, No. 451, § 6, p. 1179]. Ark. Stat. Ann. § 45-406 (Repl. 1977).

A delinquent juvenile is defined as:

> . . .
> (2) 'Delinquent juvenile' means any juvenile who (a) has committed an act other than a traffic offense which, if such act had been committed by an adult, would subject such adult to prosecution for a felony or misdemeanor under the applicable criminal law of this State, or (b) has committee [committed] an offense applicable only to a juvenile. Ark. Stat. Ann. § 45-403 (Repl. 1977).

However, the statutory rules of construction do not limit us to examining any single part of a law. We are required to reconcile statutes of the same general subject matter, construing them together if possible, in order to implement legislative intent. *Cook* v. *Bevill*, 246 Ark. 805, 440 S.W. 2d 570 (1969); *Louisiana Oil Refining Co.* v. *Rainwater*, 183 Ark. 482, 37 S.W. 2d 96 (1931).

This is especially so if two acts on the same subject were enacted during the same general session as the Juvenile Code and the Criminal Code were. *Cordell* v. *Kent*, 174 Ark. 503, 295 S.W. 404 (1927).

More importantly, we must construe a statute, if possible, so that all of its parts will be effective. *Town of Wrightsville* v. *Walton*, 255 Ark. 523, 501 S.W. 2d 241 (1973).

In at least four specific instances, provisions of the Juvenile Code refer to jurisdiction of courts other than a juvenile court regarding criminal acts by juveniles. Ark. Stat. Ann. § 45-417 (Repl. 1977) provides:

> Arrest with warrant. — When any juvenile is arrested pursuant to a warrant, the arresting officer shall immediately take the juvenile before the court out of which the warrant was issued, *which court shall decide whether or not to assume jurisdiction over the offense, or transfer jurisdiction over the case to another court of competent jurisdiction pursuant to Section 20* [45-420] of this Act [§§ 45-401 — 45-449]. [Acts 1975, No. 451, § 17, p. 1179.] [Emphasis added.]

The language of this statute clearly indicates that a court other than the juvenile court may exercise jurisdiction over a juvenile.

Ark. Stat. Ann. § 45-418 reads:

> Arrest without a warrant. — When any juvenile is arrested without a warrant, except in traffic cases, the arresting officer shall immediately take the juvenile before the juvenile court of the county in which the arrest was made. If the juvenile is over the age of twelve (12), *the juvenile court shall immediately notify the appropriate prosecuting attorney who shall decide whether to (1) file a petition with the juvenile court, or (2) seek a criminal indictment or file a criminal information in another court having jurisdiction over the matter.* If neither information nor petition is filed, nor indictment returned, within 24 hours after a detention hearing or within 96 hours after arrest whichever is sooner, the juvenile shall be discharged from detention. To the extent this section conflicts with any other law of this State which authroizes a law enforcement officer making an arrest without a warrant to take a juvenile before any other court of this State, this section prevails. [Acts 1975, No. 451, § 18, p. 1179.] [Emphasis added.]

Clearly this language grants a prosecuting attorney discretion as to which court will be utilized in charging certain juveniles. This authority given to a prosecuting attorney

would seem to coincide with the provision of the Arkansas Criminal Code, Ark. Stat. Ann. § 41-617 (Repl. 1977), that permits certain juveniles to be tried in circuit court or municipal court.

Ark. Stat. Ann. § 45-420 reads:

Transfer of cases. — When any juvenile is charged in a court of this State with the commission of any act which is a felony or misdemeanor under the applicable criminal law of this State, the judge of the court may, in his discretion, transfer the case to any other court having jurisdiction over the matter, either as a criminal offense or as an act of delinquency. Any bail or appearance bond given for the appearance of such juvenile shall continue in effect in the court to which the case is transferred. [Acts 1975, No. 451, § 20, p. 1179.]

This provision could only refer to the fact that a court other than a juvenile court could exercise jurisdiction over a juvenile.

Ark. Stat. Ann. § 45-421 (Repl. 1977) is of a similar import. It says:

Right to bond. — Any juvenile within the provision of this Act [§§ 45-401 — 45-449], informed against, indicted, or against whom a petition has been filed, or who has for any purpose been taken into custody, shall at any time before he has been adjudged to be delinquent or found guilty of committing any offense, and within the discretion of the judge having jurisdiction over the matter, be entitled to (1) release on his own recognizance, (2) release to the custody of some other party, or (3) give bond in such sum and under such conditions as the court may deem proper, to assure his appearance at any trial or hearing of such case in the same manner as such right is given to adults under the laws of this State. [Acts 1975, No. 451, § 21, p. 1179.]

When these provisions of the Juvenile Code are read with the rest of the Act, it is clear to us that the General

Assembly did not intend that all juveniles must be tried in juvenile court. We find that the law clearly grants a prosecuting attorney discretion to charge juveniles over 15 years of age in any of three courts, juvenile, municipal or circuit.

Prohibition is granted only when a court has no jurisdiction. *Brown* v. *Kimbrough*, 263 Ark. 913, 568 S.W. 2d 226 (1978); *Skinner* v. *Mayfield*, 246 Ark. 741, 439 S.W. 2d 651 (1969). Sargent was over 15 years of age at the time he was alleged to have committed the offense and, therefore, the prosecuting attorney had discretion to file charges against him in the circuit court. Since the court did not have jurisdiction, the petition for writ of prohibition is denied.

Writ denied.