W.H. "Dub" Arnold Prosecuting Attorney Ninth Judicial-East P.O. Box 480 Arkadelphia, AR 71923
Dear Mr. Arnold:
This letter is in response to your request for an official opinion with regard to the Clark County special election for a county-wide sales tax.
A review of the ballot title dated November 5, 1985, indicates that this is a one percent (1%) sales tax to be levied for a period of 36 months beginning January 1, 1986 through December 31, 1988. The ballot states that the proceeds are to be used ". . . for the following designated purposes."
Forty-five percent (45%) of the proceeds from the sales tax will be deposited in the Clark County General Fund and shall be used to fund the Clark County Ambulance Service; Personnel for the New County Jail; Equipment requirement of Alternative County Government Organization; Building repairs to the Clark County Courthouse; Insurance Costs of the Clark County Courthouse Building; Salary increase for County employees;
Forty-five percent (45%) of the proceeds from the sales tax will be deposited in the County Road and Bridge Fund of Clark County, Arkansas and shall be used to fund the repair and resurfacing of existing county blacktop roads; the extent of repair and blacktopping of county gravel roads in each county district to be determined by the percentage of the number of miles of county road in each district divided by the total miles of Clark County roads; and
Ten percent (10%) of the proceeds from the sales tax will be deposited in General Fund to insure compliance with 17 Ark. Stat. Ann. 411 [sic].
Although the ballot title does not specify the statutory provision under which this tax is levied, it must be concluded that Ark. Stat. Ann. 17-2010 — 17-2020 (Cumm. Supp. 1985) govern since the tax is clearly meant to be a "sales tax." Ark. Stat. Ann. 17-2012 addresses the form of the ballot title and includes the following provision: "The ballot may also indicate designated uses of the revenues derived from the sales tax, and if the tax is approved the proceeds shall only be used for the designated purposes." See, 17-2012(c).
The ballot title in question appears to comply with 17-2012, and the practice of designating uses of the sales tax revenues is specifically sanctioned by this statutory provision. In the absence of this provision, one might argue that language appearing in 17-2019 controls disposition of the funds. 17-2019(d) states, inter alia, that ". . . [f]unds . . . may be used by the cities and counties for any purpose for which the city's general funds may be used." However, 17-2012(c) makes it clear that use of the funds will be limited to any "designated purposes" appearing in the ballot title. 17-2012 and 17-2019 are part of the same Act (17-2010 — 17-2020), and 17-2012(c) would be rendered meaningless if 17-2019(d) were construed to prevent designated uses. This result would be contrary to Arkansas caselaw indicating that a statute should be construed so as to make all of its parts effective. See, e.g., Town of Wrightsville v. Walton, 255 Ark. 523,501 S.W.2d 241 (1973).
Assuming that all applicable procedural rules were followed in effecting the tax levy, it must be concluded that the ballot title controls and that the revenues must be used for the purposes designated therein. This result is also consistent with Article16, 11 of the Arkansas Constitution, and the established rule that revenues arising from a tax levied for one purpose cannot be diverted to another purpose. Page v. Alexander, 206 Ark. 479,177 S.W.2d 415 (1943); Special School District v. Sebastian County,277 Ark. 326, 641 S.W.2d 702 (1982).
Included within this particular ballot title's designated purposes is the requirement that a specified percentage of revenues be deposited in certain funds. Even if the cities were to assure that the proceeds would be used for the designated purposes, they would not be abiding by the ballot title's clear language in refusing to deposit the funds as required. Effecting the "designated purposes" would also be unnecessarily complicated by the cities' refusal to deposit the revenues in the specified funds. While the ballot title could have unequivocally stated that the cities and counties shall each deposit the required percentage of proceeds in the identified funds, the established procedure for disposition of tax revenues makes this approach unnecessary. See Ark. Stat. Ann. 17-2019. The cities and counties will clearly each receive their per capita share of revenues from the State Treasurer, and the ballot title must be read as requiring each to deposit the tax proceeds as stated. The cities are therefore acting contrary to the ballot title in refusing to deposit the specified percentage of revenues in the designated funds.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.