Honorable Art Givens State Representative 1004 — 300 Spring Building Little Rock, AR 72201
Dear Representative Givens:
You have requested an opinion on whether counties have been granted county-wide zoning jurisdiction by virtue of Ark. Stat. Ann. 17-1117 (Repl. 1980). In addition, you refer to Ark. Stat. Ann. 19-2827 (Repl. 1980) which seems to grant "exclusive planning jurisdiction" in an incorporated town when the area is within five miles of the city limits. You also want to know where individuals should go to obtain building permits if the land on which they intend to construct a building is contiguous to an incorporated city.
There appears to be a conflict between Ark. Stat. Ann. 19-2827 (Repl. 1980) which seems to grant "exclusive planning jurisdiction" in an incorporated town when an area is within five miles of the city limits and Ark. Stat. Ann. 17-1117 (Repl. 1980). Section 17-1117 states as follows:
 Henceforth, county planning boards shall have exclusive zoning and planning jurisdiction over all unincorporated areas lying within such counties and along a navigable stream notwithstanding the fact that such areas may be within five (5) miles of the corporate limits of a city having a planning commission to provide such unincorporated areas are lands upon which a new community has been and/or is being developed with funds guaranteed in whole or in part by the federal government under Title VI of the Housing and Urban Development Act of 1968 or under Title VII of the Housing and Urban Development Act of 1970. (Acts 1981, No. 134, Section 1, page 303.)
The relevant portion of Section 19-2827(L) reads as follows:
 The territorial jurisdiction of the legislative body of the city having a planning commission for the purpose of this Act (Sections 19-2825 — 19-2831) shall be exclusive and shall include all land lying within five (5) miles of the corporate limits. If the corporate limits of two (2) or more municipalities of the first or second class are less than ten (10) miles apart, the limits of their respective territorial jurisdiction shall be aligned equidistant between them, or as agreed upon by the respective municipalities. The planning commission shall designate the area within the territorial jurisdiction of which it will prepare plans, ordinances, and regulations. (Acts 1957, No. 186, Section 3, page 567; 1965, No. 138, Section 1, page 400.)
Arkansas law requires that statutes of the same general subject matter be reconciled and construed together, if possible, in order to implement legislative intent. Sargent v. Cole, 269 Ark. 121,598 S.W.2d 749 (1980).
Both statutes can be reconciled since Section 17-1117 grants the county jurisdiction over lands within five miles of the corporate limits of a city only if the following conditions exist: (1) Such unincorporated lands have been or are being developed with funds guaranteed in whole or in part by Title VI of the Housing and Urban Development Act of 1968 or under Title VII of the Housing and Urban Development Act of 1970; (2) The subject area lies "along a navigable stream"; and (3) The adjacent municipality must have a planning commission.
Only if these conditions exist is the county planning board granted the exclusive jurisdiction of such areas and thereby defeating the otherwise apparent exclusive jurisdiction of the municipality. In such limited circumstances only do the planning functions, including approval of building permits appear to be in the county. Otherwise, the jurisdiction remains in the municipality.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General E. Jeffery Story.