The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143
Dear Senator Beebe:
This is in response to your request for an opinion regarding Act 495 of 1987. Your questions, restated, are as follows:
 1. Is an individual constructing his own building a contractor within the meaning of the Act and thereby required to acquire a license?
 2. Would a condominium which qualifies as a single family residence be the type of construction that would be covered under the Act or would it be excluded as a single family residence?
I have enclosed a copy of Opinion No. 81-174, issued by this office on September 21, 1981, in response to your first question. I believe this opinion sufficiently answers the question, to the extent the individual constructing his own building is in fact the "owner" of the building. This is an issue that would of course have to be addressed on a case by case basis.
You have also asked whether a condominium may be excluded from Act 495 as a "single family residence." Section 1 of Act 495 amends Act 150 of 1965 to extend that Act's provisions to ". . . any building, apartment, condominium, highway, sewer, utility, grading or any other improvement or structure . . . except single-family residences. . . ." (Emphasis added.) Act 150 of 1965 formerly applied to ". . . any building, highway, sewer, grading or any other improvement or structure, except single-family residences. . . ." The former Act was therefore specifically amended to include the term "condominium."
While one might argue that a condominium can be a "single family residence," it is my opinion that this fact does not remove the condominium from the provisions of Act 495. To conclude otherwise would render meaningless a portion of this Act. Such a result would, moreover, be contrary to the well-established rule that a court will construe a statute so as to enable it to be effective. Town of Wrightsville v. Walton, 255 Ark. 523, 501 S.W.2d 241
(1973).
The General Assembly has clearly expressed its intent that a "condominium" be included as an improvement or structure subject to the Act, thus effectively removing it from structures qualifying as "single-family residences" for purposes of the Act. While the Attorney General, as a member of the Executive Department, cannot provide a controlling definition of a term where the legislature has elected not to provide one, it is reasonable to conclude based upon the foregoing that the phrase "single-family residences" would not be deemed by a court to include condominiums for purposes of Act 495.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.