The Honorable J. Hugh Lookadoo Circuit and Chancery Judge 410 Clay Street Arkadelphia, Arkansas 71923
Dear Judge Lookadoo:
This is in response to your request for an opinion regarding the one percent (1%) sales tax levied in Clark County for the construction of a new county jail pursuant to Ordinance No. 170. You note that one floor of the building has been completed, in accordance with the original contract, and that there is a balance on hand of tax collections. You have asked, specifically, whether this balance may be transferred to County General or whether it is to be held as a basis for the construction of the master plan.
The Ordinance and ballot state that the tax is to be used for the purpose of funding the construction of a new jail. Although neither the Ordinance nor the ballot specify the statutory provision under which the tax is levied, it must be concluded that Ark. Stat. Ann. 17-2010 — 17-2020 (Cum. Supp. 1985) govern since the tax is clearly meant to be a sales tax. 17-2012 addresses the form of the ballot title and includes the following provision:
 "The ballot may also indicate the designated uses of the revenues derived from the sales tax, and if the tax is approved the proceeds shall only be used for the designated purposes." See 17-2012(c).
The Ordinance and ballot in this instance clearly designate the use of tax revenues. In the absence of this designation, one might argue that language appearing in 17-2019 controls disposition of the funds. 17-2019(d) states, inter alia, that "[f]funds. . .may be used by the cities and counties for any purpose for which the city's general funds or county's general funds may be used." However, 17-2012(c) makes it clear that use of the funds will be limited to any "designated purposes" appearing in the ballot title. 17-2012 and 17-2019 are part of the same Act (17-2010 — 17-2020), and 17-2012(c) would be rendered meaningless if 17-2019(d) were construed to prevent designated uses. This result would be contrary to the established maxim that a statute should be construed so as to make all of its parts effective. See, e.g. Town of Wrightsville v. Walton, 255 Ark. 523,501 S.W.2d 241 (1973).
It must therefore be concluded that the revenues in this instance may only be used to fund the construction of the jail facility and may not be transferred to County General. This conclusion is also mandated by Article 16, Section 11 of the Constitution of Arkansas and the established rule that revenues arising from a tax levied for one purpose cannot be diverted to another purpose. Page v. Alexander, 206 Ark. 479, 177 S.W.2d 415 (1943); Special School District v. Sebastian County, 277 Ark. 326, 641 S.W.2d 702 (1982).
The Attorney General is authorized to render formal and official opinions to officers and departments of the State government only. Necessarily, therefore, the foregoing is not to be considered a formal opinion of the Attorney General but is an informal and unofficial expression of my view given with the desire to be helpful to you.
/s/ Elisabeth A. Walker, Assistant Attorney General
cc: Dub Arnold, Esq. Prosecuting Attorney P.O. Box 480 Arkadelphia, Arkansas 71923