The Honorable Art Givens State Representative 1004 — 300 Spring Building Little Rock, AR 72201
Dear Representative Givens
This is in response to your request for an opinion on the following questions:
 1. May the funds derived from a gross receipts tax on hotels, motels and restaurants levied pursuant to Act 626 of 1989 be used for the purpose of purchasing land for a city baseball park and for the purpose of constructing such a park? 2. Is there any other law which would allow the City of Sherwood to impose a two percent (2%) gross receipts tax on hotels, motels and restaurants for use to fund the purchase and construction of a city baseball park?
It is my opinion that the answer to your first question is "yes." Act 626 of 1989 amends A.C.A. 26-75-602 and 26-75-606 by adding several new subsections pertaining to a three percent (3%) tax on certain accommodations and food establishments. The answer to your question is determined by the language of Section 3 of Act 626, when read in conjunction with another act passed during the 1989 regular legislative session (Act 650 of 1989). Section 3 of Act 626 adds a new subsection to A.C.A. 26-75-606, which states in part as follows:
 (c) All local taxes levied as authorized in subsection 26-75-602(d) shall be credited to the City Advertising and Promotion Fund and shall be used for the purposes described in subsections (a) and (b) hereof. . . .
The subsection continues by prohibiting the use of these taxes "(f)or general capital improvements within the city." Subparagraph of the new subsection (c) contains a pronouncement indicating that the funds are to be used ". . . for promoting and encouraging tourism and conventions," and not "for expenditures that are normally paid from general revenues of the city."
While it may be contended at first glance that this language operates to preclude the use of these revenues in connection with a city baseball park, reference must also be made to Act 650 of 1989. This act also amends 26-75-606, not by adding a new subsection, but by adding the following pertinent language to subsection (a):
 (3) Funds credited to the City Advertising and Promotion fund pursuant to this subchapter, may be used, spent or pledged by the Commission, in addition to all other purposes prescribed in this subchapter, on and for the construction, reconstruction, repair, maintenance, improvement, equipping and operation of PUBLIC RECREATION FACILITIES in said city. . . ." (Emphasis added.) Acts 1909, No. 650, 1.
Funds necessary for the acquisition of land for a city baseball park, and for the construction of the park, would reasonably fall within the stated purposes. (The purchase of land for such a park would, it seems, be "for the construction" of a public recreation facility."
Act 626 must, in my opinion, be reconciled and construed together with Act 650, particularly since they were enacted during the same legislative session. See Sargent v. Cole, 269 Ark. 121,598 S.W.2d 749 (1980). It is also significant to note that Act 650 will control as the later act, even if 26-75-606(c) (as added by Act 626) is deemed to irreconcilably conflict with the provisions of Act 650. See generally, State v. Lawrence, 246 Ark. 644,439 S.W.2d 819 (1969) (when two statutes conflict and cannot be reconciled, the later one in time controls. Act 650 of 1989 was approved by the Governor on March 17, 1989. Act 626 of 1989 was approved on March 16, 1989.
In response to your second question, I believe that the levy of any tax up to three percent (3% on the gross receipts of hotels, motels and restaurants would be governed by A.C.A. 26-75-601 et seq. We are aware of no other laws authorizing the levy of this discrete tax.*
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
. . . . . . . . . . . .
* A.C.A. 26-75-701 et seq. does provide for a two percent (2%) gross receipts tax on hotel, motels, restaurants, AND gift shops, in cities with a population of less than 5,000, a portion of which has been designated as an Historic District and is included in the National Register of Historic Places. We do not have the information necessary to determine whether the City of Sherwood would fall under this provision, which extends the tax to the gross receipts or gross proceeds from sales by GIFT SHOPS.