Ms. Alma Kollmeyer Circuit Clerk Washington County Courthouse Fayetteville, AR 72701
Dear Ms. Kollmeyer:
This is in response to your request for an opinion regarding Act 58 of 1989, which is codified as A.C.A. § 16-20-109 (Supp. 1989). You have asked for an interpretation of this act, specifically, whether the clerk must require that an original be substituted for the facsimile copy where the facsimile copy of a pleading is transmitted on bond paper.
It is my opinion that the clerk may accept a facsimile copy for filing as a pleading with no requirement for a follow-up original if the pleading is transmitted onto bond-type paper which can be preserved for a period of at least ten years. This conclusion is compelled by the language of § 16-20-109(a), which states in pertinent part:
 Any court clerk of a court of record may accept facsimile copies transmitted over telephone lines for filing as pleadings in cases provided such pleadings are either transmitted onto bond-type paper which can be preserved for a period of at least ten (10) years or transmitted onto nonbond paper if an original is to be substituted for the facsimile copy within ten (10) days of transmission. . . .
The question in this instance is whether the phrase "if an original is to be substituted for the facsimile copy within ten (10) days of transmission" qualifies both antecedent phrases or only the last antecedent. It is my opinion that the qualifying phrase should be construed as referring to the last antecedent, that is, "pleadings . . . transmitted onto nonbond paper." Under this interpretation of § 16-20-109(a) (Supp. 1989), the clerk may accept facsimile copies of pleadings that are transmitted onto nonbond paper if an original is to be substituted for the copy within ten days of transmission. The requirement for the substituted original does not, in my opinion, relate back to the clause involving pleadings transmitted onto bond-type paper.
This conclusion is compelled by the general rule known as the doctrine of the "last antecedent." Under this rule of construction, relative and qualifying words, phrases, and clauses are ordinarily deemed to refer solely to the last antecedent. 82 C.J.S. Statutes § 334 (1953); 2A Sutherland Stat. Const. § 47.33 (4th ed. 1984). Although this is merely an aid to construction which must yield to a clear expression of legislative intent (82 C.J.S., supra), a plain reading of §16-20-109 (Supp. 1989) also supports application of the rule in this instance. The distinction under this Code section between nonbond paper and bond-type paper that can be preserved for ten years would be meaningless, or at least unnecessary, if an original is to be substituted for the facsimile copy in either case. The act must be construed, if possible, so that all of its parts will be effective. See Town of Wrightsville v. Walton,255 Ark. 523, 501 S.W.2d 241(1973). This precept, as well as the "last antecedent" rule, support the conclusion that the language regarding a substituted original only applies to pleadings that are transmitted onto nonbond paper.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb