Ms. Diane Suitt Gilleland, Director Arkansas Department of Higher Education 114 East Capitol Little Rock, AR 72201-3818
Dear Ms. Gilleland:
This is in response to your request for an opinion regarding Mountain Home Technical College. Your specific questions are as follows:
 1. Do the provisions of A.C.A. 6-53-401—405 prohibit Mountain Home Technical College from being accepted as a branch campus of a public four-year institution of higher education?
 2. If the answer to the first question is `Yes,' does the State ard of Higher Education have the authority under A.C.A. § 6-53-301(d), as the governing board for Mountain Home Technical College, to effect the acceptance of Mountain Home Technical College as a branch campus of a four-year public institution of higher education?
 3. Does Arkansas law prohibit a millage election for the benefit of Mountain Home Technical College should Mountain Home Technical College become a branch campus of a four-year public institution of higher education?
It is my opinion that the answer to your first question is "no." While there is no grant of authority to this effect under §§6-53-401—405, I do not believe that a prohibition lies under these Code sections. It should perhaps be noted that specific provision is made for a community college to petition the State Board of Higher Education for a technical college to be accepted as a branch campus of the community college. While it may be contended that the legislature effectively denied this authority to a four-year institution by not including a similar specific provision for such institutions, it is my opinion that this assertion may be countered with the State Board's general authority regarding the expansion of existing institutions. The State Board is authorized under A.C.A. § 6-61-303 (1987) to develop standards, rules, regulations, criteria and guidelines to be followed in reviewing the location of future branch campuses of existing institutions of higher education. A.C.A §6-61-303(b). Subsection (c)(1) of § 6-61-303 states that "[e]ach state-supported institution of higher learning and community college desiring to establish a branch campus or program shall present to the State Board of Higher Education a request in writing to establish the branch campus or program, outlining the justifications and reasons therefor." The State Board reviews the application, and may grant it only if the establishment of a branch campus is within the established guidelines and standards. A.C.A. § 6-61-303(c)(2).
It is my opinion that § 6-61-303 may be cited in support of the State Board's authority to permit the acceptance of a technical college as a branch campus of a four-year institution, assuming that this falls within the Board's standards and guidelines with respect to expansion of institutions. The provisions of §§6-53-401—405 should not, in my opinion, be construed as limiting the State Board's authority in this regard. These Code provisions must, instead, be read together if possible. See generallySargent v. Cole, 269 Ark. 121, 598 S.W.2d 749 (1980). Of particular significance is the provision under § 6-53-402 for the conversion of an existing two-year branch campus to a technical college. The acceptance of a technical college as a branch campus established pursuant to § 6-61-303 would appear to be consistent with the legislative intent reflected under § 6-53-402.
A response to your second question is unnecessary in light of the above.
With regard to your third question, it must be recognized that in accordance with Article 16, Section 11 of the Arkansas Constitution, "[n]o tax shall be levied except in pursuance of law. . . ." My research indicates that there is currently no provision under Arkansas law for a millage election to support a technical college that becomes a branch campus of a four-year institution. It was concluded in Attorney General Opinion 92-172, a copy of which is enclosed, that there is currently no procedure in place for the levy of an ad valorem tax to support technical colleges. My research indicates that this conclusion also applies with respect to four-year institutions of higher education.[1] It is my opinion, additionally, that a legislative grant of authority will be necessary in order to conduct a millage election to support a technical college that is a branch of a four-year institution. See Ark. Const. amend. 52.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Act 260 of 1949, codified at A.C.A. §§ 6-71-101—142 (1987), provided for improvements districts for colleges and universities, and established procedures for making the chapter operative. Assessments on real property were then authorized in districts wherein the chapter became operative. It appears that action was required within five years of the act's passage in order for the provisions to become operative. See A.C.A. §6-71-105.