The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion regarding Act 1290 of 1993. Your specific question is as follows:
Whether [a] municipality is only responsible for payment of costs to a county for municipal prisoners convicted of a violation of a municipal ordinance or for any conviction for a misdemeanor violation under the jurisdiction of that municipal court for instance, DWI No. 2? [Emphasis original.]
Your question requires reference to subsection (b) of A.C.A. §12-41-506, as amended by Act 1290 of 1993, which states:
Municipalities whose prisoners are maintained in the county jail shall be responsible for paying the fee established by the quorum court in the county. When a person is sentenced to a county jail for violating a municipal ordinance, the municipality shall be responsible for paying the fee established by agreement or ordinance of the quorum court in the county. Municipalities may appropriate funds to assist the county in the maintenance and operation of the county jail. Municipalities operating law enforcement agencies shall adopt state criminal laws by reference. [Emphasis added.]
The language emphasized above raises a statutory construction question that may ultimately require resolution by a court. The statute appears at first glance to condition payment of the fee upon the sentence imposed by the court. The municipality is responsible for paying the fee to the county "[w]hen a person is sentenced to a county jail for violating a municipal ordinance. . . ." It thus may be contended that the fee will be owing when the sentence is imposed under a municipal ordinance. On the other hand, following this argument, no fee is owing where sentence is imposed for violation of a state law. This argument is premised upon the assertion that the manner in which the defendant is sentenced will be controlling. The municipality will not be responsible for the fee if the person is sentenced to county jail for violating a state law, notwithstanding the existence of a municipal ordinance regulating the conduct proscribed under the state statute.
It must be recognized, however, that certain language in the statute may be rendered surplusage if the above approach is adopted. Statutes must, according to established rules of construction, be construed so that all parts will be effective, if possible. Town of Wrightsville v. Walton, 255 Ark. 523,501 S.W.2d 241 (1973). A court will reconcile different statutory provisions to make them consistent, harmonious and sensible; and it will decline an interpretation that results in absurdity or injustice, leads to contradictions or defeats the plain purpose of the law. Ragland v. Allen Transformer Co., 293 Ark. 601,740 S.W.2d 133 (1987).
The language which must be given effect, in this instance, if possible, is the following:
 Municipalities operating law enforcement agencies shall adopt state criminal laws by reference.
A.C.A. § 12-41-506(b), as amended by Act 1290 of 1993. (See full text of § 12-41-506, supra at 1.)
Municipalities may, under separate statutory authority, adopt by reference any state criminal code or part thereof. See A.C.A. §14-55-207 (1987). The adoption is accomplished through passage of a municipal ordinance. Id. at subsection (a). Section 12-41-506, as amended by Act 1290, appears to mandate the passage of such an ordinance by cities operating law enforcement agencies. Thus, in those cities, conduct that is proscribed by a state criminal law will also constitute a municipal ordinance violation.[1] It may be contended that the above language was added to §12-41-506(b)[2] in order to insure that municipalities will pay the fee whenever a person is sentenced to the county jail for a misdemeanor offense committed within the municipality. A misdemeanor violation under a state criminal statute will also constitute a municipal ordinance violation. Because the conduct for which the person was sentenced will violate a municipal ordinance, the fee will be owing according to this interpretation.
I am inclined to believe that a court would embrace this latter interpretation because it gives effect to the language regarding the adoption of state criminal laws, and it offers a reasonable explanation for the inclusion of that language. While it might be suggested that the language was added in order to give municipalities an option in sentencing offenders, that option was presumably already available through existing procedures for adopting the state criminal code. A.C.A. § 14-55-207 (1987).
Of course, a conclusive determination will probably require resort to the judiciary or legislative clarification.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This will be the case if the offense is a misdemeanor under state law. Municipalities may prohibit and punish ". . . any act, matter, or thing which the laws of this state make a misdemeanor." A.C.A. § 14-55-501 (1987).
[2] The first amendment of A.C.A. § 12-41-506 in the 1993 regular legislative session did not contain this language. See Acts 1993, No. 516. This language was added by Act 1290 of 1993, which amended § 12-41-506, as amended by Act 516.