The Honorable Robert L. Herzfeld, Jr. Prosecuting Attorney Twenty-Second Judicial District 102 South Main Street Benton, AR 72015
Dear Mr. Herzfeld:
You have asked for my opinion concerning a Freedom of Information Act (FOIA) request that has been submitted to the Saline County Tax Assessor. You state that a request has been made for ". . . a copy of the database and all associated files (pictures, etc.) that are available via the public access terminals . . . in Microsoft Access format." As further background for your questions, you state:
 This information is only available through a private contractor from which the software was purchased prior to July 1, 2001, and is maintained by the contractor. The assessor's office has no personnel with the necessary skills or abilities to compile this information in the requested form. The volume of information is too great to be provided other than on an electronic tape. The contractor has stated its charges at $125.00 per hour for an estimated 2 hours plus a $65.00 charge for an electronic tape. The requester objects to these charges.
Your specific questions are as follows:
 1. Since this is a request for electronic information, is the assessor required, under Ark. Code Ann., Section 25-19-109 (a) (1), to furnish it by hiring it done by a private contractor?
 2. If the answer to question number one is yes, and in light of current security concerns, is the requester entitled to pictures, drawings, as well as, appraiser's notes regarding whether or not taxpayers were at home at specific times of the day?
 3. If the answer to question number one is yes, must the home addresses of nonelected state employees, nonelected municipal employees, and nonelected county employees be deleted although the assessor is not their employer? [Section 25-19-105 (b) (13)]?
 4. If the answer to question number one is yes, may the contractor delete certain proprietary files, i.e., the data dictionary?
 5. If the answer to question number one is yes, does Section 25-19-109
(b) (2) mean that the assessor may charge for the lowest price of the private contractor or does it mean the lowest paid employee of the private contractor?
RESPONSE
Although it is somewhat unclear from the information provided, it appears that the custodian of the records has determined that A.C.A. § 25-19-109
is applicable in this instance. I am not in a position to question that determination, as this requires a factual review outside the limited scope of this opinion. The question under § 25-19-109 is whether the electronic data is "readily convertible" to the requested electronic format. Although I cannot resolve that question, I will address the general legal framework for the factual review. If it is properly determined that the data is not "readily convertible," the assessor is under no obligation to comply with the FOIA request, although he may at his discretion agree in that instance to provide the data in the requested format. If, however, applying the legal analysis to the particular facts leads to the conclusion that the data is "readily convertible," then the assessor is required to comply with the request under A.C.A. § 25-19-105 (d) (2) (B) (Supp. 2003), which requires that a citizen must be provided data "in any format to which it is readily convertible with the custodian's existing software."
While the factual nature of the question prevents me from determining which of these Code sections applies in this instance, I will address your questions to provide guidance under both provisions.
Question 1 — Since this is a request for electronic information, is theassessor required, under Ark. Code Ann., Section 25-19-109 (a) (1), tofurnish it by hiring it done by a private contractor?
The applicability of A.C.A. § 25-19-109 does not turn simply on the fact that the requester seeks electronic information. This Code section is entitled "special requests for electronic information" and provides:
 (a)(1) At his or her discretion, a custodian may agree to summarize, compile, or tailor electronic data in a particular manner or medium and may agree to provide the data in an electronic format to which it is not readily convertible.
 (2) Where the cost and time involved in complying with the requests are relatively minimal, custodians should agree to provide the data as requested.
 (b)(1) If the custodian agrees to a request, the custodian may charge the actual, verifiable costs of personnel time exceeding two (2) hours associated with the tasks, in addition to copying costs authorized by § 25-19-105(d)(3).
 (2) The charge for personnel time shall not exceed the salary of the lowest paid employee or contractor who, in the discretion of the custodian, has the necessary skill and training to respond to the request.
 (c) The custodian shall provide an itemized breakdown of charges under subsection (b) of this section.
A.C.A. § 25-19-109 (Repl. 2002).
This provision permits (and indeed, appears to encourage) the custodian of the records, at his or her discretion, to compile, tailor, or summarize requested electronic data in an electronic format to which it is not readily convertible. Another FOIA provision requires, on the other hand, that a citizen must be provided data "in any format to which it is readily convertible with the custodian's existing software." A.C.A. §25-19-105 (d) (2) (B) (Supp. 2003). Accordingly, if the data is "readily convertible," § 25-19-109 is inapplicable and the data must be converted.
We do not yet have the benefit of case law interpreting A.C.A. §§25-19-105 (d) (2) (B) and 25-19-109. They were enacted based on a report by the Electronic Records Study Commission ("Commission""). See
Acts 1999, No. 1060 (creating the Commission to study public access to electronic information) and "Report of the Electronic Records Study Commission Recommendations for Amendments to the [FOIA]" (Dec. 15, 2000). This Report offers insight into the intent of these provisions wherein the Commission notes that "[i]n many cases, it is relatively easy and cost-free to . . . convert [an electronic record] from one common format to another." Id. at 28. The Report continues by discussing the background for § 25-19-109, and then concludes:
 By contrast, significantly greater customization of electronic records is often possible, but only with substantial effort. Whether that effort is undue could vary widely among entities subject to the FOIA, depending not only upon equipment and personnel, but also upon how data is maintained for its efficient use in the agency's principal mission. In short, what is possible is not always practical. Therefore, paragraph (3) (C) [enacted, with some modification, as § 25-19-109] authorizes, but does not require, custodians of electronic public records to go beyond the more mundane conversions required by paragraph (3) (B) [§ 25-19-105 (d) (2) (B), supra] when doing so is practical and without significant cost in public resources. . . .
Commission Report, supra, at 29.
With regard to the particular request in this instance, you have stated that the requester objects to the contractor's charge of $125.00 per hour for two hours, suggesting that the assessor has determined that §25-19-109 applies and is exercising his discretion to provide the data for a fee in accordance with subsection (b) (1) thereof. As I have stated, this involves a factual determination that I am neither authorized nor equipped to make. If the assessor is correct in applying § 25-19-109, then he must be prepared to provide an itemized breakdown of the charges. See A.C.A. § 25-19-109 (c), supra. See also generally Op. Att'y Gen. 2002-029 (noting that the question of how much may be charged under § 25-19-109 "is a question of fact that will inherently vary from case to case, because the `actual, verifiable costs' [§ 25-19-109 (b) (1)] will inherently vary from case to case.")
If, however, A.C.A. § 25-19-105 (d) (2) (B), supra, instead applies because the electronic data is in fact "readily convertible," then the authorized charges are governed by A.C.A. § 25-19-105 (d) (3) (A), which states as follows under subparagraph (i):
 Except as provided in § 25-19-109 or by law, any fee for copies shall not exceed the actual costs of reproduction, including the costs of the medium of reproduction, supplies, equipment, and maintenance, but not including existing agency personnel time associated with searching for, retrieving, reviewing, or copying the records.
An itemized breakdown is also required under this Code section. A.C.A. §25-19-105 (d) (3) (B)
Question 2 — If the answer to question number one is yes, and in light ofcurrent security concerns, is the requester entitled to pictures,drawings, as well as, appraiser's notes regarding whether or nottaxpayers were at home at specific times of the day?
As you can see from the foregoing discussion, the answer to Question 1 will never be "yes," if that question is read literally, because the assessor is not required under A.C.A. § 25-19-109 to furnish the data as requested. This question is therefore somewhat confusing. If § 25-19-109
applies, the assessor might exercise his discretion to furnish the data. In that case, it is my opinion that the requester is not entitled to this information because he has no statutory right in the first instance to the reformatted data. The assessor may of course provide it at his discretion. And in that case, it is my opinion that the assessor may either provide or not provide this information as he sees fit. There is no general privacy protection under Arkansas law; and the FOIA contains no general privacy exemption protecting personal information outside the personnel records context See A.C.A. § 25-19-105 (b) (12). While it might be contended that this information is protected under the constitutional right to privacy (see generally McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989)), it is doubtful, in my opinion, that this information generally rises to the level of constitutional protection.
If, on the other hand, it is determined that A.C.A. § 25-19-105 (d) (2) (B) applies in this instance because the data is "readily convertible," as discussed above, then it likely, in my opinion, that this information must be provided due to the absence of any exemptions, as noted.
Question 3 — If the answer to question number one is yes, must the homeaddresses of nonelected state employees, nonelected municipal employees,and nonelected county employees be deleted although the assessor is nottheir employer? [Section 25-19-105 (b) (13)]?
This question is also confusing, for the reasons stated above. If the assessor has the discretion to comply with the FOIA request in this instance because A.C.A. § 25-19-109 applies, then he clearly is not obliged to provide this information. If, however, you are asking whether he may provide it at his discretion, or if A.C.A. § 25-19-105 (d) (2) (B) applies instead because the data can be readily converted, then it is possible that a constitutional privacy right might be implicated. As recognized by your question, the exemption under the FOIA for home addresses of nonelected state, municipal, and county employees only applies with respect to "employer records." A.C.A. § 25-19-105 (b) (13) (Supp. 2003). Consequently, the only basis for withholding this information that is not contained in personnel records would be the constitutional privacy right, as outlined in McCambridge, supra. This office has previously opined that while a constitutional argument might be made with respect to unlisted home addresses, listed addresses generally are not exempt from disclosure. See, e.g., Op. Att'y Gen. Nos.2002-285 and 2001-145. I refer you to these opinions for the potential constitutional issue in this regard, which turns largely on the particular facts.
Question 4 — If the answer to question number one is yes, may thecontractor delete certain proprietary files, i.e., the data dictionary?
Again, as discussed in response to Question 2, if the assessor has thediscretion to comply with the FOIA request in this instance because §25-19-109 applies as factual matter, then it is my opinion that this information may be deleted in the exercise of that discretion. It is also possible, however, that the assessor lacks discretion to provides these files because they constitute "software" that has been acquired by "purchase, lease, or license." This requires a factual determination that I cannot make. As a general matter, however, the FOIA's definition of "public records" excludes "software acquired by purchase, lease, or license." A.C.A. § 25-19-103 (a) (5) (B) (Supp. 2003). It is my opinion that the custodian must bear this definition in mind when exercising his discretion under § 25-19-109 to comply with a so-called "special request" for electronic information. The legislature clearly did not intend, by vesting this discretion in the custodian, to authorize the release of "data" that would not otherwise be available to a citizen making a non-"special request." The term "data" in § 25-19-109 must be construed to have reference to "computer-based information or data compilations" that the assessor maintains, and which generally constitute "public records" as defined in A.C.A. § 25-19-103 (5) (A). This necessarily follows from a reading of these statutes together, as required by general rules of statutory construction. See Sargent v. Cole, 269 Ark. 121,598 S.W.2d 749 (1980). Further extending this logic, I conclude that any relevant exemptions or exceptions to the required disclosure of "public records" must also be considered when addressing the custodian's discretion under § 25-19-109.
Question 5 — If the answer to question number one is yes, does Section25-19-109 (b) (2) mean that the assessor may charge for the lowest priceof the private contractor or does it mean the lowest paid employee of theprivate contractor?
Subsection (b) (2) authorizes a charge based on the "lowest paid . . . contractor." It states:
 The charge for personnel time shall not exceed the salary of the lowest paid employee or contractor who, in the discretion of the custodian, has the necessary skill and training to respond to the request. [Emphasis added.]
There is no reference to the lowest paid employee of a contractor. The term "employee" refers, in my opinion, to agency personnel and not to an employee of a contractor who performs the task involved in responding to a "special request" under § 25-19-109.
A question may remain, however, regarding the particular "contractor" charge. Your question suggests that the assessor might charge for the "lowest price of the private contractor," and I assume from the background information you provided that this refers to the private contractor from whom the software was purchased. If this contractor's "lowest price" does not exceed the amount that would be charged by a contractor with comparable ability to perform the task, then I believe this would be a permissible charge. This follows, in my opinion, from the requirement that the charge "shall not exceed the salary of the lowest paid . . . contractor" with the skill for the task. A.C.A. § 25-19-109 (b) (2), supra. You have not indicated whether the assessor has made this determination. In my opinion, this likely requires some price comparison. While I believe § 25-19-109 (b) (2) vests the assessor with discretion to identify the charge, it is my opinion that it may not necessarily be appropriate to base the determination solely upon this private contractor's "lowest price," as perhaps suggested by your question.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh