Glenda Butler, Chairperson Arkansas Towing and Recovery Board Post Office Box 8285 Searcy, Arkansas 72143
Dear Ms. Butler:
I am writing in response to your request for my opinion on the following question:
 When a person, firm, organization or other entity engaged in the towing or storage of vehicles in the state of Arkansas pursuant to Ark. Code Ann. § 27-50-1201 disposes of an abandoned vehicle as defined in Ark. Code Ann. § 27-50-1202, is the disposition or sale of the abandoned vehicle controlled by Ark. Code Ann. § 18-45-202 or Ark. Code Ann. § 27-50-1208?
RESPONSE
In my opinion, under the circumstances described in your question, I believe the provisions of A.C.A. § 27-50-1208 will control over any contrary provisions set forth in A.C.A. § 18-45-202.
Section 27-50-1201 of the Arkansas Code (Supp. 2007) provides:
 (a) The provisions of this subchapter shall apply to any person, firm, organization, or other entity engaged in the towing or storage of vehicles in the State of Arkansas. *Page 2 
 (b) The provisions of this subchapter shall not apply to the following tow vehicles and related equipment:
 (1) Car carriers capable of carrying five (5) or more vehicles and which have federal Interstate Commerce Commission authority;
 (2) Tow vehicles owned by a governmental entity and not used for commercial purposes; and
 (3) Tow vehicles that are registered in another state, operating under federal Interstate Commerce Commission authority and which do not regularly do business or solicit business in the State of Arkansas. However, any tow vehicle for which this exemption is claimed must be in compliance with § 27-35-112.
Section 27-50-1202 of the Code (Supp. 2007), defines an "abandoned vehicle" as follows:
 For the purposes of this subchapter, unless the context otherwise requires:
 (1) "Abandoned" means any vehicle deemed to be unattended as defined in this section;
 (A) As to which the owner has overtly manifested some intention not to retake possession; or
 (B) Which remains unattended, whether in its first-found location or in another location to which it has been removed pursuant to this subchapter, for a period of thirty (30) days, during which period the owner has given no evidence of an intent to retake possession[.]
With respect to the disposition of vehicles in the possession of repairmen and storage facilities, A.C.A. § 18-45-202 (Repl. 2003) provides:
 (a) The lien provided for in this subchapter shall take precedence over, and be superior to, any mortgage or other obligation attaching against the property in all cases in which the holder of the mortgage *Page 3 
or other obligation shall permit the property to remain in the possession of and be used by the person owing and bound for the amount thereof.
 (b) The lien provided for in this subchapter shall be subject to the perfected lien of a financial institution or vendor of automobiles, trucks, tractors, and all other motor-propelled conveyances for any claim for balance of purchase money due thereon.
 (c) The lien shall not take precedence over a bona fide purchaser for value of any automobile, truck, tractor, and other motor-propelled conveyances without either actual or constructive notice.
The lien referenced in subsection (a) of this statute is described in A.C.A. § 18-45-201 (Repl. 2003), which provides:
 All blacksmiths, horseshoers, wheelwrights, automobile repairmen, airplane repairmen, machine shops, farm implement repairmen, automotive storagemen, firms, and corporations who perform, or have performed, work or labor for any person, firm, or corporation, who have furnished any materials or parts for the repair of any vehicle or farm implement, including tires and all other motor accessories and bodies for automobiles, trucks, tractors, airplanes, and all other motor propelling conveyances, or who store on their premises any automobile, truck, tractor, airplane, or other automotive vehicle, if unpaid, shall have an absolute lien upon the product or object of their labor, repair, or storage and upon all wagons, carriages, automobiles, trucks, tractors, airplanes, farm implements, and other articles repaired or stored and all horses or other animals shod by them, for the sums of money due for their work, labor, storage, and for materials furnished by them and used in the product, the shoeing and repairing, including the furnishing of tires and all other accessories and bodies for automobiles, trucks, tractors, airplanes, and all other motor-propelled vehicles.
Section 18-45-204 of the Code (Repl. 2003) requires that a lienholder under the statute just recited not sell the property at issue until the expirations of thirty (30) days from the time the work is completed and that he post written notice of the *Page 4 
proposed sale "at or near the from door of his or her place of business and at least five (5) other of the most public places in the township." Subsection (c) of this statute further requires that the lienholder "make demand for the debt before making the sale by registered letter addressed to the last known residence or post office address of the debtor."
You have asked whether the lien provisions just recited are in some sense inconsistent with or superseded by the provisions of A.C.A. §27-50-1208 (Supp. 2007), which, in conjunction with A.C.A. § 27-50-1207, sets forth highly detailed requirements for the removal and storage of towed vehicles and the means of disposing of such vehicles. More specifically, A.C.A. § 27-50-1207 sets forth in great detail the procedures for the removal of towed vehicles and the conditions for the release of towed vehicles upon the posting of bond. Section 27-50-1208
sets forth with equal specificity the nature of a towing and storage firm's statutory lien; the means of perfecting such a lien, including notice; and the means by which the owner of a vehicle might reclaim possession. As reflected in the copious legislative history described in the A.C.R.C. notes, the legislature in its 2007 session extensively amended A.C.A. § 27-50-1208, which had been initially enacted pursuant to Acts 1993, No. 1000, § 7, in order to clarify the procedures for towing and storing vehicles. By contrast, A.C.A. § 18-45-201, which was initially enacted pursuant to Acts, 1919, No. 140, § 1 and amended only in ways immaterial to your question pursuant to Acts 1963, No. 159, § 1 and Acts 1965, No. 458, § 1, is contained in a subchapter of the Code captioned "Blacksmiths, Vehicle Repairmen, Etc.," failing altogether to deal specifically with the procedures for enforcing a towing and storage firm's statutory lien.
It is universally acknowledged that a general statute does not apply where there is a specific statute governing a particular subject matter.Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994). Moreover, ordinarily, the provisions of an act adopted later in time repeal the conflicting provisions of an earlier act. Daniels v. City of FortSmith, 268 Ark. 157, 594 S.W.2d 238 (1980). This rule also applies to conflicting acts passed in the same legislative session, Sargent v.Cole, 269 Ark. 121, 598 S.W.2d 749 (1980). Applying these principles to your specific question, I believe that the far more current and more specific legislation contained in A.C.A. § 27-50-1208 clearly controls over what might be the less specific provisions in A.C.A. § 18-45-201
regarding the procedures to be observed in towing and storing vehicles. *Page 5 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1