## STATE of Arkansas, DEPARTMENT OF FINANCE AND ADMINISTRATION
### *v.* OTIS ELEVATOR COMPANY

80-166                  609 S.W. 2d 41

Supreme Court of Arkansas
Opinion delivered December 15, 1980

*James R. Eads, Jr., Joseph V. Svoboda, H. Thomas Clark, Jr., Martha S. Stephenson* and *Cassandra Wilkins-Slater*, by: *Timothy J. Leathers*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

JOHN F. STROUD, Justice. Appellee is a corporation authorized to do business in this state and is engaged, among other things, in the servicing and maintenance of elevators. Appellant is responsible for the enforcement of our Gross Receipts Tax Law, Ark. Stat. Ann. §§ 84-1901 — 84-1904, 84-1906 — 84-1919 (Repl. 1980) and pursuant to that authority assessed a tax in the amount of $61,717.05, plus penalty of $6,171.72 and interest of $4,235.36, upon appellee's gross receipts from the servicing and maintenance of elevators. Appellee contested the assessment and requested a hearing before the Commissioner of Revenues, who upheld the action of appellant. Appellee then paid the tax under protest and filed suit for refund in Pulaski County Chancery

Court. The Chancellor ruled that appellant had failed to prove that the General Assembly expressly intended to impose the tax upon receipts from the maintenance and servicing of elevators. Appellant brings this appeal, contending that the Chancellor erred, and as we agree, the ruling is reversed.

For the purposes of this appeal the operative section of the Gross Receipts Tax Law is Ark. Stat. Ann. § 84-1903(c)(3), which provides, in pertinent part, that the tax is levied on gross receipts derived from:

> Service of alteration, addition, cleaning, refinishing, replacement and repair of motor vehicles, aircraft, farm machinery and implements, motors of all kinds, tires and batteries, boats, electrical appliances and devices, furniture, rugs, upholstery, household appliances, television and radio, jewelry, watches and clocks, engineering instruments, medical and surgical instruments, *machinery of all kinds*, bicycles, office machines and equipment, shoes, tin and sheetmetal, mechanical tools and shop equipment. (Emphasis added.)

The parties have stipulated that the maintenance and repair services upon which the tax was assessed are the kind of services contemplated by § 84-1903(c)(3) and would be taxable if performed upon items included in that section. They have also stipulated that all of these services of appellee were performed on elevators in various buildings and structures on real property. The sole question, then, is whether the fact that the elevators are attached to structures on real property removes appellee's service and maintenance proceeds from the ambit of the Gross Receipts Tax Lwa.

Both sides agree that, as a general rule, a tax cannot be imposed except by express words indicating that purpose, and any ambiguity or doubt must be resolved in favor of the taxpayer. *Wiseman* v. *Arkansas Utilities Company*, 191 Ark. 854 88 S.W. 2d 81 (1935). Appellee contends that it was the intent of the General Assembly in enacting the Gross Receipts Tax Law that it apply solely to the sale of, or service to, tangible *personal* property, as well as certain enumerated types of

intangible property. The Chancellor agreed with this interpretation of the law and overturned the assessment, ruling that there was no showing that the tax was expressly imposed upon the proceeds from services to real property.

We must disagree. It is true that sales of tangible personal property are subjected to the tax in subsection (a) of § 84-1903, but the subsection applicable here also imposes the tax on the sale of the services therein enumerated. It is clear that § 84-1903(c)(3) expressly imposes the tax upon service to motors, electrical devices, and machinery of all kinds, all of which describe in various ways an elevator and its components. Appellee concedes that the proceeds from these services would be taxable were it not for the fact that elevators are affixed to structures upon real property. This argument must fail. We find it significant that the General Assembly in its enumeration of services to be taxed by this subsection included the addition, replacement or repair of tin and sheetmetal, which obviously are primarily utilized in the construction of buildings and other structures upon real property. We think the intent of the General Assembly was made sufficiently clear by their reference to "machinery of all kinds" and that they intended the tax to apply to service to all machinery whether or not it was affixed to realty. Accordingly, we must reverse the finding of the Chancellor and remand this cause for proceedings not inconsistent with this opinion.

Reversed and remanded.