The Honorable Ron Fuller State Representative #18 Corporate Hill Dr., Suite 201 Little Rock, AR 72205
Dear Representative Fuller:
This is in response to your request for an opinion on the following question:
 Assuming a person is convicted of kidnapping, a Class B felony, under Ark. Stat. Ann. 41-1702(2), would such person be an "eligible offender" under Ark. Stat. Ann. 43-2340(f), which excludes, inter alia, from "eligible offender" status those persons convicted of "first degree rape or kidnapping"? In other words, do the words "first degree" in the foregoing phrase modify only "rape", or do they modify "kidnapping" as well?
Ark. Stat. Ann. 43-2340, which is part of the "Alternative Service Act," is now codified as Arkansas Code of 1987 Annotated 16-93-502. The former subsection (f) of 43-2340 is now found at A.C.A. 16-93-502(6) which states in pertinent part as follows under subparagraphs (A) and (B):
 (A) `Eligible offender' means any person convicted of a felony offense other than a capital felony offense, or murder in the first degree, murder in the second degree, first degree rape or kidnapping, or aggravated robbery, and who has never been previously convicted of a felony offense, and whose interests, and the interests of the state, in the opinion of the sentencing trial court, could be better served by diversion under the provisions of this subchapter than by sentencing under other applicable penalty provisions established by law.
 (B) Those persons under the age of twenty-six (26) years at the time of the commission of a felony offense, other than a capital felony offense, or murder in the first degree, murder in the second degree, first degree rape or kidnapping, or aggravated robbery, for which they are convicted, shall still be `eligible offenders' under this subchapter if they had one (1) previous felony conviction other than a conviction for a capital felony offense, or murder in the first degree, murder in the second degree, first degree rape or kidnapping, or aggravated robbery.
The question posed involves an interpretation of the phrase "first degree rape or kidnapping" and specifically whether this phrase, which signifies offenses that will preclude a convicted felon's eligibility under the Alternative Service Act, may be read as extending eligibility status to one who is convicted of Class B kidnapping.
This contention would have to be premised, initially, upon the assertion that the words "first degree" modify both "rape" and "kidnapping" in the phrase "first degree rape or kidnapping" as that phrase appears in A.C.A. 16-93-502(6)(A) and (B). This would appear to be a reasonable assertion, in light of the punctuation of that phrase as a separate clause within the list of excluded offenses. However, the inquiry cannot end there since "first degree rape" and "first degree kidnapping" are not recognized offenses under current criminal law. A.C.A. 16-93-502(6)(A) will be construed as encompassing "first degree kidnapping" within the list of excluded offenses only if that construction does not yield an absurd result or defeat the plain purpose of the law. See, e.g., Ragland v. Allen Transformer Co.,293 Ark. 601, 740 S.W.2d 133 (1987).
Resort to other statute(s) employing similar language and applying to similar persons or things is appropriate where, as in this instance, interpretation of a particular legislative enactment is in doubt. Stibling v. U.S., 419 F.2d 1350 (8th Cir. 1979). It is significant to note in this regard that the offenses of rape and kidnapping were, prior to the 1975 legislative session, classified into separate degrees. Act 362 of 1967, Section 1, defined first degree rape as follows:
 A male is guilty of rape in the first degree when he engages in sexual intercourse with a female: (a) by forcible compulsion; or (b) who is incapable of consent by reason of being physically helpless, or mentally incapacited or (c) who is less than eleven (11) years old. Act 45 of 1971 defined "kidnapping" and stated the following under Section 3:
 Kidnapping shall be a felony of the first degree unless the person committing such crime voluntarily releases the victim alive and in a safe place prior to trial, in which case it shall be a felony of the second degree.
These offenses were revised under Act 280 of 1975, known as the Arkansas Criminal Code. See Sections 1702 and 1803 of Act 280 of 1975. However, the legislature's use of the phrase "first degree rape or kidnapping" in the "Youthful Offender Alternative Service Act of 1975" (Act 378 of 1976) may logically be interpreted as signifying those offenses as recognized prior to the 1975 session. And a court will in all likelihood point to today's equivalent of those offenses in determining which offenses will preclude eligibility under the Alternative Service Act.
As previously noted, the offense of rape is no longer separated into three degrees. Although several revisions have been made, A.C.A. 5-14-103 affords the same basic coverage as the former offense of rape in the first degree. Language similar to that formerly utilized with respect to rape in the second and third degree is now reflected in provisions governing other sexual offenses. See A.C.A. 5-14-104, et seq.
The former separation of the offense of kidnapping into two degrees has, similarly, been continued through the designation of kidnapping as a Class Y or a Class B felony. A.C.A. 5-11-102 is similar in substance to prior legislation defining this offense. Of particular significance for purposes of your inquiry, however, is subsection (b) of 5-11-102 which states:
 Kidnapping is a Class Y felony, except that if the defendant shows by a preponderance of the evidence that he or an accomplice voluntarily released the person restrained alive and in a safe place prior to trial, it is a Class B felony.
What is now designated as a Class B felony formerly constituted kidnapping in the second degree (with the exception of the added requirement of proof by a "preponderance of the evidence"). See Section 3 of Act 45 of 1971, supra. It may therefore be successfully contended that the legislature only intended to include the offense currently designated as a Class Y felony within the list of excluded offenses under A.C.A. 16-93-502(6)(A) and (B), and that conviction of kidnapping as a Class B felony will not preclude one from eligibility under the Alternative Service Act. It is therefore my opinion, based upon the foregoing interpretation of 16-93-502(6), that one convicted of Class B kidnapping will be an "eligible offender" under the Alternative Service Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.