The Honorable Doug Brandon State Senator 12th and University Little Rock, Arkansas 72204
Dear Senator Brandon:
This is in response to your request for an opinion regarding the constitutionality of imposing a first class postage fee for handling the issuance of all new motor vehicle licenses or renewal by mail when the transaction takes place over the counter at a state revenue office and not by mail.
Act 465 of 1967, codified at Arkansas Code of 1987 Annotated27-14-1001, et seq., establishes a motor vehicle registration and licensing system involving the issuance of permanent license plates and a new process for registration or renewal. In addition to implementing a staggered renewal system (see Section 5 of Act 465; A.C.A. 27-14-1011), Act 465 created a system whereby the registration or renewal of licenses is processed by mail. This signaled a departure from prior law. Your question involves the language of Section 16 of Act 465, which is codified at A.C.A.27-14-1012 as follows:
 (a) An applicant may apply, in person or by mail, for the issuance of permanent license plates or renewal of license to the revenue collector in the county where he resides or to the director.
 (b) Forty-five (45) days before the expiration of the license, the director shall notify the owner of a registered motor vehicle subject to this subchapter at the last address of the owner of the motor vehicle as such owner's name and address appear on the records of the Office of Motor Vehicle, but the director is not required to go beyond the face of the last registration statement.
 (c) A proper application for registration or renewal by mail must be postmarked not later than fifteen (15) days before the date for renewal to allow time for processing.
 (d) The director is authorized to impose a first class postage fee for handling the issuance of all new licenses or renewals by mail.
The first class postage fee authorized under subsection (d) of this provision may reasonably be construed as affording the Department of Finance and Administration ("Department") a means of recouping postage costs, and not as conditioned upon whether the applicant submits the required information by mail or in person. A contrary interpretation would lead to absurdity since the applicant's decision whether or not to apply by mail has no bearing upon the Department's incurrence of postage costs in its handling of new licenses or renewals. And it is significant to note in this regard that a court will decline and interpretation that results in absurdity, leads to contradiction, or defeats the plain purpose of a law. Ragland v. Allen Transformer Co.,293 Ark. 601, 740 S.W.2d 133 (1987).
Therefore, in response to your specific question, it is my opinion that the Director of the Department, in his capacity as Commissioner of Motor Vehicles, acts within his authority and not outside the confines of the Constitution in imposing a first class postage fee where the applicant proceeds in person and not by mail.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.