The Honorable Wayne Dowd State Senator Post Office Box 2631 Texarkana, AR 75504
Dear Senator Dowd:
This is in response to your request for an opinion regarding Act 522 of 1989. You have asked the following specific questions in this regard:
 1. Does Act 522 of 1989 prohibit the Democratic County Chairman, who is also a member of the Democratic Committee, and who is up for election, from participating as a party officer in providing for or conducting a party primary election?
 2. If a Democratic County Chairman failed to appoint a successor/substitute on or before May 1, 1989, who would have the power to appoint such successor or substitute?
It is my opinion that the answer to your first question is "no." The pertinent language of Act 522 is found in Section 1 wherein A.C.A. 7-4-102(a) is amended to read in part as follows:
 The county chairman of the county committee of the majority party and the county chairman of the county committee of the minority party shall be members of the county board of election commissioners together with one (1) additional or third member to be appointed by the State Board of Election Commissioners. Provided, however, if the county chairman of a county committee of the majority party or the minority party is an elected official, he shall not serve as a member of the county board of election commissioners but shall appoint someone who is not an elected official to serve in his stead. No elected official who serves as county party chairman shall participate as a party officer in providing for or conducting a party primary election in which his or her name appears on the ballot as a candidate for any office.
It is my opinion that the terms "elected official" and "candidate for any office," as they appear in this provision, do not encompass the position held by the county party chairman. While it is true that political party committee members are typically elected and have been declared "officers" for some purposes (see A.C.A. 7-3-104), a declaration that they are "elected officials" for purposes of the prohibition contained in amended 7-4-102 would result in absurdity and lead to contradiction.
The legislature has clearly provided for the party chairman's service on the county board of election commissioners, as a result of his position on the party's county committee. If the county chairman is deemed to be an "elected official" for purposes of the prohibition under 7-4-102(a), then according to that prohibition, he can never serve as a member of the county board of election commissioners. That interpretation would defeat a major purpose of the legislation and create obvious incongruities. Established rules of statutory construction compel us to reject such a result. Ashley, Drew Northern Ry. v. United Transp., 625 F.2d 1357 (8th Cir. 1980); Ragland v. Allen Transformer Co., 293 Ark. 601,740 S.W.2d 133 (1987).
We must therefore conclude that the term "elected official" does not include the county party chairman who, although elected to serve on the county committee, may reasonably be classified as a committee "member" rather than an "official" for purposes of7-4-102(a). This conclusion is buttressed by the emergency clause, contained in Section 5 of Act 522, wherein it states:
 It is hereby found and determined by the General Assembly that by law the county chairman of the county committee of the majority party and the minority party are members of the county board of election commissioners; THAT IN SOME INSTANCES THESE PERSONS ARE ALSO ELECTED OFFICIALS; that it constitutes at least the appearance of a conflict of interest for the county chairmen, WHEN ALSO ELECTED OFFICIALS, to serve on the county board of election commissioners. (Emphasis added.)
The legislature clearly did not perceive the county chairman to be an "elected official" merely by virtue of that position.
Thus, in response to your first question, it is my opinion that the Democratic County Chairman is not prohibited from participating as a party officer so long as his name appears on the ballot only in connection with his position on the county committee.
It must be initially recognized, in response to your second question, that a review of Act 522 of 1989 indicates that the Democratic County Chairman is not obliged to cease his membership on the county board of election commissioners on May 1, 1989, simply by virtue of his status as county chairman. With regard to a county party chairman who is, indeed, an "elected official," it is significant to note that the appointment required under Section 2 of Act 522 is made by the county chairman in his capacity as such. Section 2 of the act states:
 Every person who, on the effective date of this Act, is county chairman of the county committee of a majority or minority party and is also an elected official shall cease to be a member of the county board of election commissioners on May 1, 1989, and he shall appoint some person who is not an elected official to serve in his stead.
Apparently, the county chairman who is also an "elected official" does not lose his position on the county committee when he ceases to be a member of the board of election commissioners. (Unless, of course, his name appears on the primary ballot as a candidate for office. A.C.A. 7-4-102(a), as amended by Section 1 of Act 522 of 1989.) An appointment could, it seems, occur after May 1, 1989, since this power does not emanate from the county chairman's position on the board of election commissioners. If, however, there is a vacancy in the county chairman position, it appears that the county vice-chairman of the party in which the vacancy occurs shall act as county chairman until a new chairman is selected by the party. A.C.A. 7-4-103.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.