Robert S. Moore, Jr., Director Alcoholic Beverage Control Division 100 Main Street, Suite 503 Little Rock, AR 72201
Dear Mr. Moore:
This is in response to your request for an opinion on the following question:
 Did Act 426 of 1989, which amended A.C.A. 3-3-210, also repeal by implication A.C.A. 7-1-103(26)?
It is my opinion that the answer to this question is "yes." This conclusion is based upon an interpretation of the pertinent provisions, in the absence of case law authority on point.
Act 426 of 1989 is entitled: "An act to amend Arkansas Code3-3-210 to repeal language prohibiting sales of alcoholic beverages on election days. . . ." The act, in pertinent part, removes the former language of A.C.A. 3-3-210 prohibiting the sale of alcoholic beverages during polling hours on an election day when two or more candidates are seeking the same office at a lawfully authorized election.
Your question focuses specifically upon A.C.A. 7-1-103(26) which states:
 All dramshops and drinkinghouses in any county, city, town, or township shall be closed during the polling hours when any two (2) or more candidates are seeking the same office at any lawfully authorized election, and no person shall sell or give away any intoxicating liquors during the polling hours in any county, city, town, or township in which any election may be held.
While it is true that repeals by implication are not favored in construing legislative enactments, (Cummings v. Washington County Election Com'n, 291 Ark. 354, 723 S.W.2d 486 (1987), it must also be recognized that the courts will decline an interpretation that results in absurdity or injustice, leads to contradictions, or defeats the plain purpose of the law. Ragland v. Allen Transformer Co., 293 Ark. 601, 740 S.W.2d 133 (1987). In this instance, continued adherence to 7-1-103(26) would require the closing of establishments at the stated times, although the legislature has clearly expressed its intent under Act 426 of 1989 to permit alcoholic beverage sales during polling hours. This would, it seems, result in absurdity and defeat the plain purpose of Act 426. Similarly, continued enforcement of 7-1-103(26) against liquor sales during polling hours when "any election" is held would be contrary to 3-3-210, as amended by Act 426. Enforcement of this prohibition except when two or more candidates are seeking the same office would, in my opinion, also lead to absurdity.
The title of Act 426 may, in my opinion, be resorted to in this instance as a means of resolving doubt in interpretation. See, e.g., City of Ft. Smith v. Brewer, 255 Ark. 813, 502 S.W.2d 643
(1973). The legislature has expressed its intent under Act 426 to remove the prohibition under 3-3-210 against sales of alcoholic beverages on election days. It may reasonably be concluded under these circumstances that the general repealer clause contained in Section 3 of Act 426, when viewed in conjunction with legislative intent as expressed in the title of the act, effects a repeal of A.C.A. 7-1-103(26).
One final rule of statutory construction offers guidance in this instance. It is an established maxim that penal provisions are strictly construed. As expressed by the Arkansas Supreme Court, "nothing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendant." Bennett v. State, 252 Ark. 128, 130, 477 S.W.2d 497 (1972) (citations omitted). This maxim further compels the conclusion that continued enforcement of 7-1-103(26), the violation of which constitutes a misdemeanor (A.C.A. 7-1-103(29) (30)), may be successfully challenged following passage of Act 426 of 1989.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.