The Honorable Jim Keet State Representative 10800 Financial Centre Parkway Suite 330 Little Rock, AR 72211
Dear Representative Keet:
This is in response to your request for an opinion regarding the procedure which must be followed for home deaths. You note that many terminally ill patients choose to die in the comfort of their own home and that there is confusion in many areas of the state regarding this matter.
It is my understanding that the information sought pertains to the procedure for certifying the death and moving the body. Some funeral homes have indicated that they will not move the deceased until the death certificate has been signed. In some instances, this process is painful for the families involved because of procedures followed by coroners and/or the police when they are called to the scene.
Our review of the law in this area clearly indicates that the physician or appropriate official must give his consent before the deceased can lawfully be moved from the place of death. Arkansas Code of 1987 Annotated 20-18-604(c) states:
 With the consent of the physician or state medical examiner or county coroner, who is to certify the cause of death, a body may be moved from the place of death for the purpose of being prepared for final disposition.
It is clear under 20-18-604(c) that consent for removal of the body must be obtained from either the physician, the state medical examiner, or the county coroner.[1] It is my opinion that this provision cannot reasonably be construed to authorize the granting of such consent before the physician or appropriate official has viewed the body. Legislative intent to this effect is reflected in 20-18-601(c) wherein it addresses completion of the medical certification in the absence of the physician. Subsection (c)(1) states:
 In the absence of the physician, or with his approval, the certification may be completed and signed by his associate physician, the chief medical officer of the institution in which death occurred, or by the pathologist who performed an autopsy upon the decedent, provided the individual has access to the medical history of the case, views the deceased at or after death, and death is due to natural causes. [Emphasis added.]
Inherent in this provision is the assumption that the physician would have viewed the deceased; and thus this requirement is imposed when someone is authorized, in the absence of the physician, to complete the certificate. To contend otherwise would, in my opinion, defeat the plain purpose of the law, contrary to established rules of statutory construction. See, e.g., Ragland v. Allen Transformer Co.,293 Ark. 601, 740 S.W.2d 133 (1987). A physician , medical examiner, or coroner would, in my opinion, be justified in refusing to grant his consent under 20-18-604(c) until he has viewed the deceased.
With regard to the signing of the death certificate, Section20-18-601(c) states that the medical certification "shall be completed, signed, and returned to the funeral director within forty-eight (48) hours after death. . . ." There may be further delay if inquiry is required by A.C.A. 12-12-315, 12-12-318, or 16-83-101 et seq. See A.C.A. 20-18-601(d) through (f).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
MARY B. STALLCUP Attorney General
MBS:arb
[1] The case may be referred to the coroner or deputy medical examiner in the county where the death occurred if the physician in charge of the patient's care is not available. A.C.A. 20-18-601(c)(2). It may reasonably be concluded from a review of these provisions that a signed death certificate is not critical to a funeral home's ability to move the deceased. Rather, consent for the move must be obtained as noted above.