The Honorable Mike Todd State Senator 333 W. Court Street Paragould, Arkansas 72450
Dear Representative Todd:
This is in response to your request for an opinion on three questions involving state and local gross receipts taxes. Your questions will be restated below and answered in the order in which they were posed.
Your first question is as follows:
 1. If a retailer sells an item to a non-resident of the State of Arkansas for delivery in another state, is the retailer required to charge and collect Arkansas Sales Tax? Would there be any difference if the sale is a telephone order other than a personal order at the retailer's place of business?
The answer to your question can be found in the Department of Finance and Administration's Regulations governing the Arkansas Gross Receipts Tax. The Arkansas Code itself does not speak specifically to this issue. It merely provides that the tax is to be charged on gross receipts derived from all "sales". A.C.A. 26-52-301 (Supp. 1989). "Sales" are defined in the act as the transfer of either title or possession. A.C.A. 26-52-103(A). Our Supreme Court has held that this provision requires that transfer of title or possession must occur in the sale of tangible personal property before the tax may be imposed. Ragland v. Allen Transformer Co., 293 Ark. 601,740 S.W.2d 133 (1987).
A problem arises with respect to charging the tax on sales made in interstate commerce, as in some circumstances this can violate the Interstate Commerce Clause of the United States Constitution. See generally, J.D. Adams Manufacturing Company v. Storen, 304 U.S. 307 (1938), and Opinion No. 83-164, a copy of which is enclosed. The problem under the commerce clause arises, according to the courts, because if such taxes are allowed, every state in which the company does business could tax the proceeds from all of the articles sold. It is this cumulative burden on interstate commerce, not shared by local commerce, which violates the commerce clause.
The Department of Finance and Administration Regulations address this problem, and provide at Regulation GR-5, in pertinent part as follows:
 A. The Arkansas gross receipts tax is a tax imposed upon the sale of tangible personal property and not the property itself. Thus, when a sale of tangible personal property occurs in Arkansas, a taxable event has occurred and the tax should be collected and remitted. . . .
 B. Sellers must collect and remit the tax when the sale of property takes place within the State of Arkansas even though the property may be delivered outside Arkansas as an accommodation or convenience for the consumer's benefit. The fact that the purchaser of property is also a common carrier and the property is to be shipped outside the State does not make the delivery of the goods a non-taxable event. If a customer picks up the property in Arkansas in his own conveyance, then the sale is intrastate and the tax must be collected and remitted.
 C. When tangible personal property is sold by a seller engaged in an established business in this State and under the terms of a contract of sale or order the seller delivers by common carrier, U.S. Postal Service or in the seller's own conveyance to a point outside this State for consumption and use, such transactions are not subject to the tax and may be deducted provided proper records are preserved to establish such deductions including mail orders, shipping orders and all data pertinent to the purchase and delivery.
Thus, whether the retailer must charge sales tax to an out of state customer when the goods are to be shipped to another state depends upon whether the "sale" occurred in Arkansas. When property is delivered out of state, the question of where the sale occurred may depend upon the particular facts surrounding the transaction. Relevant to the analysis is whether the buyer or seller is responsible for having the goods shipped. See generally, Gaddy, Commissioner v. DLM, Inc., 271 Ark. 311, 609 S.W.2d 6 (1980). As a general rule, if it is the buyer's responsibility under the contract to ship the goods, then the sale is taxable. Regulation GR-5(B). If it is the seller's responsibility, then the sale is not taxable. Regulation GR-5 (C).
Therefore, the answer to your first question, (which is whether the retailer must charge the sales tax to a nonresident of the state when goods are shipped out of state), is that it depends upon where the "sale" occurred. The regulations set out above should be consulted with the particular facts of each situation at hand. As for the latter part of your first question, which asks if there is any difference for telephone orders, it is my opinion that these types of orders may more likely be ones in which it is the seller's responsibility to ship the goods, and thus it may be more likely that such sales are exempt from tax. The facts surrounding each individual sale, however, must be considered to determine whether the sale is taxable.
Your second question is as follows:
 2. If the retailer's place of business is located in a county or city that levies a sales tax, does the retailer have to charge and collect the county's or city's sales tax on a sale to a resident of the State of Arkansas, but the merchandise is to be delivered to a city or county that has not levied a sales tax?
It is my opinion that the answer to this question depends upon whether the purchaser is a resident of the city or county in which the retailer is located.
The subject of this question has generated several opinion requests in recent years. See generally, Opinion Nos. 86-523,87-298, 87-419, and 89-254, copies of which are enclosed. The issue is governed, as regards city and county sales taxes, by A.C.A. 26-75-216 and 26-74-212 respectively. Both of these provision provide generally as follows:
 A county [or city] sales tax levied pursuant to the provisions of this subchapter. . . shall not be applicable to sale of items and services sold to a nonresident of the levying county [or city] if the sale is made for delivery to an address which is in a city or county that does not impose a one percent (1%) city or county sales tax, if the sale is documented by a sales invoice indicating that the sale was made for delivery, and that delivery was actually made to the person at the place noted thereon located outside the county [or city] in which the sales tax is levied. [Emphasis added.]
This language, which is found in each of the statutes relating to city and county sales taxes, requires, in order for the sale to be nontaxable, that the purchaser be a nonresident of the levying city or county, and that the goods be delivered to a city or county which does not levy a one cent sales tax. Therefore, in response to your second question, if the sale is made to a resident of the levying city or county, and the merchandise is to be delivered to another city or county that does not levy a tax, the sale is taxable. If the sale is made to a nonresident of the levying city or county and the goods are to be delivered to another city or county which does not levy the tax, the sale is nontaxable. Since your question assumes that the merchandise is to be delivered to a city or county that does not levy a one cent sales tax, the answer will depend upon the residence of the purchaser.
Your third question is as follows:
 3. If the retailer is not required to charge and collect a local sales tax when delivery is made to another area, if a sales tax has been levied in the city or county where the property is being delivered, would the retailer be required to charge and collect the sales tax for the area where the merchandise is being delivered?
It is a little difficult to answer your third question, as it contains an erroneous conclusion of law. As can be seen from the response to Question 2 above, if a sales tax is levied in the city or county of delivery, the sale in the levying city or county will be taxable. We stated above that two factors must be present before the sale is exempt: 1) nonresidence, and 2) the city or county of delivery does not levy a sales tax. In your third question, you assume both that the retailer is not required to charge the tax, and that the property is being delivered to an area which does levy a sales tax. These two assumptions are inconsistent. If the area of delivery does levy a sales tax, then one of the two factors above is not met, and the sale is not tax exempt. The retailer would be required to charge the tax on the sale.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb