The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on five questions concerning the "Disclosure Act for Public Initiatives, Referendums, and Measures Referred to Voters by the General Assembly," codified at A.C.A. § 7-9-401 et seq. Your questions will be set out below and answered in the order posed.
Your first question is as follows:
 1. What is the threshold necessary for a committee or an individual to file the first disclosure report? A.C.A. § 7-9-406 appears to require an expenditure or contribution in excess of $250.00 to trigger disclosure, yet A.C.A. § 7-9-409 appears to require filing after the first receipt of a contribution or first expenditure.
It is my opinion that the "threshold" to file the first report is $250.00, as required by A.C.A. § 4-9-406 (1991). This section expressly provides in subsection (a) that a "ballot question committee" or a "legislative question committee" which either receives contributions or makes expenditures in excess of $250.00 shall file the financial report required by the subchapter. The same is true with respect to individual persons who expend more than $250.00. A.C.A. § 7-9-406(b) (1991).
The language of A.C.A. § 7-9-409 (1991) which has generated your question is as follows:
 (a)(1) The financial reports identified in § 7-9-407
shall be filed every thirty (30) days after the first receipt of a contribution or the first expenditure. . . . [Emphasis added.]
It is my opinion that this language must be read as requiring a filing every thirty days after the first reportable receipt of a contribution or the first reportable expenditure of funds. The court will reconcile different statutory provisions to make them consistent, harmonious and sensible, and will decline an interpretation that results in absurdity, or injustice, leads to contradictions, or defeats the plain purpose of the law. Raglandv. Allen Transformer Co., 293 Ark. 601, 740 S.W.2d 133 (1987).
Your second question is as follows:
 Whether once an individual meets the filing requirements as established in the "Disclosure Act for Public Initiatives, Referendums, and Measures Referred to Voters by the General Assembly" and files his disclosure form is he required to make monthly disclosures, the four (4) day and the thirty (30) day disclosures in accordance with § 7-9-409. If your answer is yes, individuals are required to make these disclosures, what steps are necessary for the individual to qualify to cease making filings?
It is my opinion that the answer to your second question is "yes," an individual, having filed his initial disclosure form, is still required by A.C.A. § 7-9-409 to file a report every thirty days, and four days prior to the election. He may "cease" making filings by filing the final financial report no later than thirty days after the election. See A.C.A. §7-9-409(a)(3).
Your third question asks the same question above, this time as it relates to committees rather than individuals. Again, the answer to your question is "yes." Committees must file the monthly reports and the "four day" report after their initial disclosure, and they may "cease" filings upon the filing of the final report which is to be filed not later than thirty days after the election.
Your fourth question is as follows:
 A.C.A. § 7-9-409(b) establishes a late filing fee of $10.00 for each day a report remains unfiled. Who has the responsibility to enforce the payment of any late filing fees? What method should be used to collect the fees and what should be done with any funds collected?
It is my opinion that the Secretary of State's office has the responsibility to enforce payment of the fee. The officer accepting the filing of the financial statement should not do so unless the total sum of all late fees accompanies the filing. This method will ensure that the fees will be paid, or they will continue to accumulate. As for the disposition of any late fees collected, it is my opinion that they should be recorded in the record book as required by A.C.A. § 21-7-210, just as all other fees, and they should be deposited with the State Treasurer as required by A.C.A. § 21-7-203(a)(2), and thereafter they will be withdrawn from the Treasury pursuant to appropriation of the General Assembly.[1] See Arkansas Constitution, Art. 16, § 12, and Art. 5, § 29.
Your fifth question asks the same questions as in question four above, only with respect to the late filing fees required upon late filing of "statements of organization" or amendments to the "statement of organization" as required under A.C.A. § 7-9-404. It is my opinion that the same procedure for collecting and disposing of the late fees under § 7-9-409, set out above, should be followed with respect to the collection and disposition of these fees as well.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] This is true unless the funds are deemed "cash funds," in which case an appropriation may be unnecessary. Although an appropriation is necessary for the expenditure of the cash funds of most state agencies, (see A.C.A. § 19-4-802), this statute does not apply to the Secretary of State. Thus, the holdings ofGipson v. Ingram, 215 Ark. 812, 233 S.W.2d 595 (1949) andMacArthur v. Smallwood, 225 Ark. 328, 281 S.W.2d 428 (1955) may still be applicable so as to obviate the need for an appropriation for cash funds.