The Honorable H.G. Foster Prosecuting Attorney Faulkner County Courthouse P.O. Box 1105 Conway, AR 72032
Dear Mr. Foster:
This is in response to your request for an opinion regarding Act 498 and Act 577 of 1991, both of which amend A.C.A. § 3-3-205
pertaining to penalties in connection with the sale or possession of alcohol. You note that one of the acts sets the fine for a first offense at not less than $500 nor more than $1,000, and the other at not less than $50 nor more than $500. You also state that one of the acts makes the third offense a felony, while the other does not mention repeat offenses. You have asked for guidance on how to handle this information.
As you note, Act 577 of 1991 amends A.C.A. § 3-3-205(a) and (b) to increase the penalty for a first offense from a fine of not less than $50 nor more than $500, or imprisonment for up to 6 months, or both, to a fine of not less than $500 nor more than $1,000 or imprisonment for up to one year, or both. Act 577 also changes the offense to a Class A misdemeanor. Act 577 then amends subsection (f), as to repeat offenses, to state:
 Any person found guilty a second time within a three (3) year period shall be fined not less than one thousand dollars ($1,000) or confined in the county jail not less than one (1) month, or both. . . .
Acts 1991, No. 577, § 1.
Act 498 does not change the penalties under subsections (a) and (b) of § 3-3-205, but rather amends subsection (f) to add two subparagraphs, the first of which applies the existing penalty for a second offense to only those violations under subsection (b).[1] The second subparagraph added to subsection (f) by Act 498 applies to second violations of subsection (a) within three years, and states that such violators "shall be deemed guilty of a Class A misdemeanor." This subparagraph also states:
 Any person found guilty of a third or subsequent violation of subsection (a) within a period of three (3) years shall be deemed guilty of a Class D felony.
Acts 1991, No. 498, Section 1.
It becomes apparent that these acts conflict in several respects. With regard to first offenses, Act 577 will, in my opinion, be controlling as the later one in time. See generally State v.Lawrence, 246 Ark. 644, 539 S.W.2d 819 (1969). The penalties set forth under subsections (a) and (b) of § 3-3-205, as amended by the two acts, cannot be reconciled. A first offense will therefore constitute a Class A misdemeanor, and will subject the offender to a fine of not less than $500 nor more than $1,000, or imprisonment for up to one year, or both. This is reflected in the codification of these acts. See A.C.A. § 3-3-205(a) and (b) (Cum. Supp. 1991).
It is also my opinion that the amendment under Act 498 with regard to second violations of subsection (b) of § 3-3-205 cannot stand. Although Act 577 only addresses second violations occurring within a three year period, it must be noted that the fine imposed by Act 498 under subsection (f)(1) for a second offense is less than that imposed for a first offense under Act 577. We cannot reasonably conclude that the legislature intended this anomalous outcome. See generally Ragland v. AllenTransformer Co., 293 Ark. 601, 740 S.W.2d 133 (1987).
The same conclusion must be reached with regard to the penalty imposed under Act 498 for a second violation of subsection (a) within three years. A Class A misdemeanor results under Act 498, while Act 577 imposes a fine of not less than $1,000 or confinement in the county jail for not less than one month, or both. That these provisions cannot be reconciled is reflected in the fact that the fine and sentence for a Class A misdemeanorcannot exceed $1,000 and one year, respectively. A.C.A. §§5-4-201 and -401. Second offenses will, therefore, in my opinion be governed by Act 577, as the later act.
Finally, with regard to third or subsequent violations of subsection (a), because Act 577 does not address such offenses, it may be concluded that the acts can be reconciled in this respect. The previous conclusions were compelled by the fact that notwithstanding the rule of construction demanding that acts on the same subject be reconciled, particularly if passed during the same session (see generally Sargent v. Cole, 269 Ark. 121,598 S.W.2d 749 (1980)), these particular provisions irreconcilably conflict. A different result obtains as to the second part of subsection (f)(2), as added by Act 498. Because a court will make every effort to construe the acts together, it may reasonably be concluded that this provision will stand. It is therefore my opinion that third or subsequent violations of § 3-3-205(a) within a period of three years will subject the violator to a Class D felony charge.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Prior to these amendments, the penalty set forth under subection (f) for second offenses (a fine of not less than $50 nor more than $500 or not less than one month nor more than six months' confinement in the county jail, or both) applied to violations under both subsections (a) and (b).