Ms. Brenda Germann, Director Board of Private Career Education 612 Summit, Suite 102 Little Rock, AR 72201
Dear Ms. Germann:
This is in response to your request for an opinion on the following two questions:
 (1) Is a school that offers some courses in religion and lists as one of its purposes "to teach, through its educational institutions the Bible as the infallibly inspired Word of God and the Christianity of the New Testament as the true religion of the Bible" exempt from licensure under 6-51-603 as a "school operated for religious instruction?"
 (2) Do private colleges such as Hendrix and Ouachita, which are affiliated with a denomination and which were in operation prior to the enactment of 6-51-601 et seq., constitute "schools operated for religious instruction," and if not, are they subject to licensure by the Board of Private Career Education?
In my opinion, the answer to your questions is, most likely, "no."
With respect to your first question, A.C.A. 6-51-603(5) (Supp. 1993) exempts from the licensure requirements of the State Board of Private Career Education "schools operated for religious instruction" that are exempt from property taxation under state law. Because all school property used for school purposes is exempt from property taxation under Article 16, Section 5 of the Arkansas Constitution, the determining factor in whether a school qualifies for the licensure exemption set out in A.C.A. 6-51-603(5) is whether the school is "operated for religious instruction." In Terwilliger v. St. Vincent Infirmary Medical Center, 304 Ark. 626, 804 S.W.2d 696 (1991), the Arkansas Supreme Court held that an institution could claim exemption as an "organization operated primarily for religious purposes" only when religion pervades the operation of the institution. The court recognized a distinction between "religious motivation for the performance of a service and operation primarily for religious purposes." Terwilliger,304 Ark. at 631, citing Nampa Christian Schools Foundation, Inc. v. State, 719 P.2d 1178 (Idaho 1986). While the term "operated for religious instruction" has not yet been interpreted by the court, it would require, in my opinion, at least as restrictive an interpretation as the term "operated primarily for religious purposes." In fact, in light of the omission of any qualifying word such as "primarily," a court might well interpret the term more narrowly, as if it read "operated solely for religious instruction."
In answer to your question, then, while the issue of whether a particular institution constitutes a "school operated for religious instruction" under 6-51-603(5) is necessarily one of fact, it seems highly unlikely that a court would conclude that a school offering only some courses in religion and listing only one religious purpose meets that test and qualifies for the exemption provided therein.
Your second question is whether private colleges such as Hendrix College and Ouachita Baptist University, that were in existence prior to the passage of A.C.A. 6-51-601 et seq., constitute "schools operated for religious instruction" under6-51-603(5), and if not, whether they are subject to licensure by the Board of Private Career Education. As I stated above in response to your first question, whether a particular institution constitutes a "school operated for religious instruction" within the meaning of 6-51-603(5) necessitates a factual inquiry into the nature and operation of the institution.
Even if private colleges such as Hendrix and Ouachita are not technically exempted from the provisions of 6-51-601 et seq., however, I cannot conclude that they are subject to the licensure requirements contained therein. The term "school" is defined in 6-51-602(2) to mean, in pertinent part:
 any person, firm, partnership, association, or corporation seeking to do business or offering in the State of
 Arkansas such resident or correspondence training offered for credit that leads to or enhances occupational qualifications, whether or not the institution is subject to 6-61-301.[1]
While it could be argued that this definition technically encompasses private, four-year institutions of higher learning such as Hendrix or Ouachita, I do not believe that the legislature intended to subject these institutions to the licensure requirements of the Board of Private Career Education. The legislature's intent in passing these licensure requirements is expressed in A.C.A. 6-51-601 (Cum. Supp. 1993), which provides:
 (a) The General Assembly is aware of the fact that:
 (1) Many private career schools offering resident or correspondence courses in the State of Arkansas have contributed extensively to the well-being of the individuals and the business and industrial establishments which have benefited from such training; and
 (2) There is a need for protection of the consumer and the ethical private career school operator.
 (b) The General Assembly determines that the establishment of reasonable standards and licensing requirements for residents or correspondence schools, their course offerings and their instructors, sales representatives, or solicitors in the manner provided in this subchapter is essential in the public interest and in furtherance of the purposes stated above.
In my opinion, the concern expressed by the legislature in the above statement is directed at vocational and technical schools, rather than at private four-year institutions of higher learning such as Hendrix and Ouachita.
It must also be noted that the licensure requirements of6-51-601 et seq. were enacted as part of Subtitle 4 of Title 6 of the Arkansas Code Annotated, which is entitled and deals solely with "vocational and technical education." Additionally, Chapter 51 of Subtitle 4, within which the pertinent provisions are located, is entitled and apparently applies solely to "vocational and technical schools." The provisions governing postsecondary and higher education are found elsewhere, in Subtitle 5. The title of a legislative act may be resorted to as a means of resolving doubt in its interpretation. City of Fort Smith v. Brewer, 255 Ark. 813,502 S.W.2d 643 (1973).
Finally, the legislature's "grandfathering in" of such nonpublic colleges and universities under A.C.A. 6-61-301 et seq., specifically exempting them from the certification requirements of the State Board of Higher Education, must be considered. In my opinion, if the legislature had intended for institutions such as Hendrix and Ouachita to be regulated, it would have provided for such regulation by the Board of Higher Education, which regulates other institutions of higher learning. To hold the licensure requirements of 6-51-601 et seq. applicable to such institutions would appear to contradict the legislature's intent and result in an absurdity. As Arkansas courts have consistently declined to interpret statutes in a way that results in an absurdity or injustice or that leads to contradiction or defeats the plain purpose of the law, see Ragland v. Allen Transformer Co., 293 Ark. 601,740 S.W.2d 133 (1987), I do not believe that they would hold these institutions subject to licensure by the Board of Private Career Education.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] A.C.A. 6-61-301 imposes incorporation and certification requirements for most postsecondary education institutions in Arkansas. Some institutions that are governed by 6-51-601 to -603 are also affected by this provision.