The Honorable Ron Fields Prosecuting Attorney Twelfth Judicial Circuit Sebastian County Courthouse Fort Smith, AR 72901
Dear Mr. Fields:
This is in response to your request for an opinion regarding Act 593 of 1993, which amended A.C.A. 7-5-402 to add the following subsection:
 Any person who appears in the county clerk's office or other location designated by the county clerk within the time frame provided in 7-5-411(a)(1) may vote absentee without having an excuse.
A.C.A. 7-5-402(3) (Repl. 1993).
You note that previously, a person voting absentee would complete the application for absentee ballot (see A.C.A.7-5-403 and 7-5-405), which the county clerk would verify; the statement of the absentee voter is then signed (A.C.A.7-5-409); the ballot is marked and placed in a small envelope which is then enclosed with the statement in another larger envelope (A.C.A. 7-5-412); and the absentee voting record sheet is signed.
You have asked the following question with regard to the above procedures, following passage of Act 593:
 When a person is voting absentee, in person, must the above listed procedures continue to be followed or may the person, who votes in person, simply mark their ballot and sign the Absentee Voting Record sheet?
While the answer is not entirely clear, perhaps suggesting the need for future legislative clarification, it is my opinion that an application for absentee ballot is not required for one who is voting absentee in person as authorized under Act 593 of 1993 (A.C.A. 7-5-402(3) (Repl. 1993). The remaining procedures listed above do, however, in my opinion continue to apply, i.e., the statement must be completed[1] and placed in an envelope with the marked ballot which has been enclosed in a smaller envelope. And the record of voting form or the voter registration list must be signed.[2]
Act 593 contains a "general repealer clause" which provides that "[a]ll laws and parts of laws in conflict with this act are hereby repealed." Act 1993, No. 593, 4. Although it appears self-evident, it has been stated that a general clause repealing all laws in conflict does not operate to repeal any laws not in conflict. May v. McCastlain, 244 Ark. 495,426 S.W.2d 158 (1968). It has also been held that the conflict must be "irreconcilable," and that such a repeal would be a "repeal by implication." Patrick v. State, 265 Ark. 334,576 S.W.2d 191 (1979) and Tinsley v. Craige, 54 Ark. 346,15 S.W. 897 (1891). Cases are legion for the proposition that repeals by implication are not favored in construing statutes. See City of Fort Smith v. Driggers, 294 Ark. 311, 742 S.W.2d 921
(1988). Statutes must be construed, if possible, so that all parts are effective. Town of Wrightsville v. Walton, 255 Ark. 523,501 S.W.2d 241 (1973). Thus, seemingly contradictory provisions will, so far as practical, be reconciled. Ragland v. Allen Transformer Co., 293 Ark. 601, 740 S.W.2d 133 (1987).
Applying these precepts to Act 593 of 1993, it must be concluded that the requirement of an application for an absentee ballot cannot be reconciled with the unqualified right to vote absentee in person within the time frame provided in A.C.A. 7-5-411(a)(1). Although one who appears in the county clerk's office within the authorized time frame to vote absentee is, seemingly, an "applicant" (see A.C.A. 7-5-409), it appears that the actual application process applies to those who must provide a reason for voting absentee. See A.C.A.7-5-405 (application form). Requiring an application by those who may vote absentee without an excuse would, it seems, be nonsensical. Such a result is clearly to be avoided under established rules of statutory construction. See generally Ragland, supra.
With regard to the statement requirement (A.C.A.7-5-409(b)(4)), although that portion pertaining to the absentee voter's excuse clearly cannot be reconciled with the so-called "no excuse absentee balloting" (see subtitle of Act 593),[3] the remainder of that subsection is, in my opinion, still in effect as to those who avail themselves of the early voting provision. This includes that part of the statement pertaining to the voter's registration, enclosure of the ballot and statement, and the pledge that the absentee voter will not vote again in this election. See A.C.A. 7-5-409(b)(4). It is my opinion that these provisions can and indeed must be reconciled with Act 593.
It is also my opinion that the procedure for marking the ballot and placing it in an envelope to be enclosed, together with the statement, in another envelope (see A.C.A. 7-5-409(b) and7-5-412(a)), applies, similarly, to those who vote absentee in person under Act 593. There is no irreconcilable conflict between Act 593 and this procedure. Indeed, it may reasonably be concluded that this procedure must be followed in light of A.C.A. 7-5-416 and -417, regarding the processing of absentee ballots and vote challenges. The reading of the statement (A.C.A. 7-5-416(b)) and the inclusion of the ballot title with the statement, are essential to the challenge process. Each absentee voter's ballot can be identified by including the ballot with the statement. And, of course, the statement contains the necessary registration information. It is thus clear that no challenge could be mounted in the absence of this procedure. And it must be concluded that the opportunity to challenge a vote extends to an absentee vote cast in person in accordance with Act 593. My reading of 7-5-416 (processing absentee ballots) and 7-5-417 (challenge of votes) has yielded no basis for finding an implied amendment or repeal of these provisions by Act 593.
In conclusion, therefore, it is my opinion that with the exception of the application process, the remaining procedures for absentee voting set forth in your request must be followed by those voting absentee pursuant to Act 593 of 1993 (A.C.A.7-5-402(3)).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] Modification of the statement may be indicated, as suggested, infra at n. 3.
[2] I am uncertain regarding your reference to "the Absentee Voting Record sheet." There appears to be no requirement that such a sheet be signed by the absentee voter. I assume that you are referring to the voter registration card or list. See A.C.A. 7-5-305.
[3] This portion of the statement form should, therefore, be excised with respect to one who votes absentee in person under Act 593. That portion regarding the manner of delivering the ballot to the county clerk is also inapplicable.