The Honorable Fay W. Boozman, III State Senator 2901 Honeysuckle Lane Rogers, AR 72758
Dear Senator Boozman:
This is in response to your request for an opinion on the following question regarding Act 311 of 1995:
 If the death fits the definition of attended but occurs at home, does the local police authority need to be contacted? Specifically, I have in mind patients who are under the care of a hospice group which is directed by a physician, nurses are in the home every day, the death is expected and meets all the criteria of an attended death but these deaths all occur in the home. Do local police authorities need to be contacted in such deaths?
If your question pertains to a hospice patient who dies in the home where pronouncement of death is made by the registered nurse,[1] it is my opinion that the county coroner and the chief law enforcement official of the county and municipality must be notified in accordance with A.C.A. §§20-18-601(c)(3) and 12-12-315(a)(1)(R), as amended by Act 311 of 1995. Section 20-18-601(c)(3) states:
 In the event the hospice patient dies in the home, the registered nurse may make pronouncement of death, however the county coroner and the chief law enforcement official of the county or municipality where death occurred must be immediately notified in accordance with Ark. Code Annotated, 12-12-315.
See Acts 1995, No. 311, § 1.
Arkansas Code Annotated § 12-12-315 states as follows under subparagraph (a)(1)(R):
 The county coroner and the chief law enforcement official of the county and municipality in which the death of a human being occurs shall be promptly notified by any physician, law enforcement officer, undertaker or embalmer, jailer or correction officer, or coroner, or by any other person present or with knowledge of the death, if:
* * *
The death occurs in the home.
See Acts 1995, No. 311, § 2.
It thus seems clear that notification of the local authorities is required where a registered nurse pronounces the death, i.e., completes the medical certification after viewing the deceased. This is compelled by the plain language of § 20-18-601(c)(3). The fact that a physician directed the hospice care would not, in my opinion, nullify the notification requirement in that instance.
If, however, your question pertains to a situation in which the attending physician (see A.C.A. § 12-12-315(a)(1)(P)) made the pronouncement of death, it is my opinion that notification of local authorities is unnecessary. As you note, the requirement that notification be made where "[t]he death occurs in the home" was added to § 12-12-315 by Act 311. Under established rules of statutory construction, however, a court will reconcile different statutory provisions whenever possible. Seegenerally Ragland v. Allen Transformer Co., 293 Ark. 601, 740 S.W.2d 133
(1987). Following that precept, a court could reasonably conclude, in my opinion, that when it added deaths occurring in the home to the circumstances meriting notification of the local authorities, the legislature did not intend to address the situation where a physician was in attendance in accordance with § 12-12-315(a)(1)(P) and pronounces death. Subsections (P) and (R) of § 12-12-315(a)(1) (Acts 1995, No. 311, § 2) can reasonably be reconciled to that extent. Clearly, however, in accordance with A.C.A. § 20-18-601(c)(3) (Acts 1995, No. 311, § 1, above), notification is required when a hospice patient dies in the home and the registered nurse pronounces death.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] "Pronouncement of death" refers to the process of completing and signing the medical certification after viewing the deceased. See A.C.A. § 20-18-601(c)(1) and (2), as amended by Act 311 of 1995.